No. 7505.
Hines et al. *v.* Driver.

CONTRACT.—*Good-Will.—Evidence.—Promissory Note.—Answer.—Partnership.—Fraudulent Representations.—Instructions.—Parol Evidence.*—In an action upon a promissory note given for an interest in a partnership, the answer therein alleged fraudulent representations as to the value of the stock owned by the firm, as to the amount of notes and accounts due thereto, as to the solvency of its debtors and the amount of its liabilities. Upon the trial the plaintiff was permitted to introduce evidence as to the value of the good-will of such firm.

*Held,* that there was no issue upon the value of such good-will, and that the admission of testimony in relation thereto was erroneous.

---

Hines *et al. v.* Driver.

---

*Held,* also, that proof of the value of such good-will did not tend to disprove the existence of the facts relied upon as a defence to the action.

*Held,* also, that it was erroneous in such case to instruct the jury, that, if they believed such contract was in writing, they should look to its contents alone for the terms and conditions thereof, and to disregard any parol evidence different therefrom.

EVIDENCE.—*Admissibility of Parol Evidence to show Fraud as against Written Contract.*—Evidence tending to show fraud is admissible in cases where fraud is the issue, although it may vary, add to or contradict the terms of a written instrument.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

ELLIOTT, J.—The appellant William H. Hines bought from the appellee a one-third interest in a partnership business conducted under the name of Devinney, Elmore & Driver, and in payment executed three promissory notes, upon which the appellant William Hines became surety. Recovery was had upon the last of the three notes, and this appeal brings before us the question whether any available errors were committed during the progress of the trial.

The defence of appellants was stated in an answer of three paragraphs. The first alleging that the appellee made false and fraudulent representations, (1st) as to the value of the stock of goods owned by the firm; (2d) as to the amount of notes and accounts due the firm; (3d) as to the solvency of the debtors of said firm; (4th) as to the amount of the liabilities of said firm. The second paragraph alleges a warranty covering the matters above mentioned; and the third is substantially the same as the second.

One of the causes assigned in the appellants' motion for a new trial is the ruling of the court, permitting Elmore, Driver and Devinney, witnesses introduced by appellee, to testify as to the value of the good-will of the firm business of the firm of Devinney, Elmore & Driver. There was no

issue upon the value of the good-will, nor was there any evidence upon that subject adduced by the appellants. The testimony offered by appellants was directed entirely to the representations charged by the answer to have been fraudulently made, and no question was made, or suggested, as to the general value of the business. The appellants were entitled to receive from the appellee what they had purchased, and were also entitled to insist that the condition of partnership affairs, as to the liabilities of the firm and the solvency of its debtors, was substantially as represented, and it was no answer to prove that they got, in addition to the stock of goods and claims, something more in the shape of a good-will. The question was not what was the value of that which the appellants got, but did they get that for which they contracted? Proving that the appellants got the good-will of the business, and that it was of value, did not tend to disprove the existence of the facts relied upon as a defence to the action. The appellee argues, "that, for the purpose of corroborating the *bona fides* of the transaction, we should be allowed to show anything that would tend to increase the value of the consideration of the note in suit, the same as the appellant would be allowed to show anything to diminish it." This argument is fallacious. The assumption, that the appellants might have shown anything tending to diminish the value of the consideration, is far from correct, for the appellants would not have had any right, under the issues, to have given a syllable of testimony as to the value of the good-will.

The appellants were entitled to the benefit of their bargain, and, if the appellee voluntarily included in the sale good-will of value, he can not excuse the making of fraudulent representations as to other matters, by evidence of the value of that good-will. It is true that good-will is property, and that it may have an appreciable value, but it does not follow from this that one who has induced another to enter into a

contract upon the faith of representations as to the value of
goods, as to the solvency of debtors, and the amount of lia-
bilities, may, when called to account for such representa-
tions, excuse himself upon the ground that some part of the
property embraced in the sale was of much greater value
than that at which the parties estimated it.   The trial court
erred in admitting this evidence.

The court, upon appellee's motion, gave, among others,
the following instruction :

"4th.   If you believe from the evidence, that the contract
between the plaintiff and William Hines, Jr., was reduced
to writing, then you will look to the contents of that writing
alone for the terms and conditions of the contract, and will
entirely disregard any parol statements that may have been
proved different from the contents of the written contract."

This instruction was erroneous.   The clause directing the
jury to entirely disregard any parol statements different
from the provisions of the contract was, under the issues
and the evidence in this case, entirely too broad.   The jury
must have understood from this instruction that they were
to give weight only to such parol evidence as corresponded
with the terms of the written contract, and this, in cases
where fraud is the issue, is plainly not the law.   It is an el-
ementary doctrine, everywhere recognized by common-law
courts as well as by courts of equity, that evidence tending
to show fraud is admissible in cases where fraud is the issue,
although it may vary, add to, or contradict the terms of the
written contract.   1 Wharton on Evidence, sec. 931 ; 1
Greenleaf on Evidence, sec. 284 ; 1 Story on Equity, sec.
200 ; Chitty on Contracts, 119 ; *Gatling* v. *Newell*, 9 Ind. 572.

In the first instruction given by the court, the jury were
told that, if the contract between the parties was reduced
to writing, "then the law presumes that the writing con-
tained the whole contract, and you will disregard any evi-
dence tending to prove that there was a parol contempora-

neous contract;" and, taking this instruction in connection with the fourth, it is very evident that the case was put to the jury upon an erroneous theory. The first instruction asserted an abstract proposition of law correct enough in the proper case, and not, considered apart from the fourth, erroneous in the present; but, when taken in conjunction with the latter, as must have been done by the jury, a wrong rule was declared, and the minds of the jurors guided to an erroneous conclusion. The effect of these instructions was to shut out all parol evidence, and, in such a case as that under consideration, a rule more flatly and directly opposed to the correct one could not well be imagined.

The counsel for appellee, in defence of the fourth instruction, say: "Under the issues made by the second paragraph of the answer, which was a breach of warranty, the instruction was proper. It was eminently proper to tell the jury, if there was no warranty expressed in the written contract, the defendants could not prove a parol warranty." Unfortunately for the appellee's argument, the court did not say a word about a warranty, but, by its instructions, excluded from the consideration of the jury all parol evidence. The jury were not told that parol evidence should be excluded from their consideration upon any one branch of the case, but they were told that "any parol statements" different from the provisions of the contract *"must be entirely disregarded."*

Other questions are discussed, but, as there must be another trial, we think it unnecessary to consider them. We can not, however, refrain from adding that the instructions, taken as a whole, are confused and incomplete, and greatly need remodelling. We can not say that the defects are here available as error, because appellants did not ask fuller and more complete instructions upon the material points, and no exceptions were so reserved as to bring the questions properly before us.

Judgment reversed, at the costs of the appellee; cause remanded with instructions to sustain appellants' motion for a new trial.