Filed Oct. 20, 1883.

---

### No. 8571.

### Burns et al. *v.* Thompson.

New Trial.—*Transcript.*—A cause assigned for new trial appeared in the transcript thus: "The court erred in admitting in evidence the following executions, in these words, to wit: (These executions are inserted at full length on pages 69, 70, 75, 77. Clark W. Weesner, clerk.)" The reference in parenthesis was to a bill of exceptions made and filed long after the motion.

*Held*, that the motion presented no question to the court below.

Principal and Agent.—*Statements of Agent.*—*Evidence.*—The statements of an agent while acting as such, concerning the matter in which he is acting as agent, are admissible in evidence against his principal.

Evidence.—*Writing, Contradicting by Parol.*—*Fraud.*—One not a party to a written instrument, and who seeks to impeach it as being a means adopted by the opposite party to defraud him, may contradict it by parol evidence.

Supreme Court.—*Witness.*—That a party was not permitted to put certain questions to a witness, is not available as error in the Supreme Court, where it does not appear that the lower court was informed of the facts expected to be elicited.

From the Wabash Circuit Court.

*M. H. Kidd, N. G. Hunter* and *A. Taylor*, for appellants. *C. Cowgill, H. B. Shiveley* and *C. E. Cowgill*, for appellee.

Black, C.—The appellee sued the appellants Daniel Burns, Jr., and Harvey F. Woods, sheriff of Wabash county, the complaint alleging, at length and with particularity, that two

judgments were obtained in the Wabash Circuit Court, one by the First National Bank of Wabash, for $623.32, and the other by certain persons composing the Citizens Bank of Wabash, for $244.13, both against one Moody as principal and the appellee and one Strait as co-sureties; that Moody was insolvent, and he paid nothing upon either of said judgments; that the appellant Daniel Burns, Jr., through his attorney named, had been and was wrongfully attempting to cheat and defraud the appellee in respect to said judgments in the following manner: At the time said judgments were rendered said Strait had real estate on which the judgments were liens, fully sufficient to pay his portions of the judgments, and was indebted to one Daniel Burns, Sr., who, to secure payment of his claim out of Strait's property, by the agreement and consent of Strait, from the proceeds of sales to him, said Burns, Sr., of Strait's property, satisfied to said banks for Strait his one-half of said judgments. It was agreed by and between the parties, the banks, the appellee and Strait, said attorney acting as attorney for Strait, that the appellee and Strait were ready and willing to pay their respective portions of said judgments, and should do so contemporaneously, and appellee, knowing that Strait was at the time able to pay, and relying on his representations that he would pay his portion as soon as the appellee paid his, did pay his one-half, and afterward Strait's portions of said judgments were entirely paid and satisfied as aforesaid. At the time Strait's portions were so paid, his said attorney, claiming to be representing the appellant Burns, Jr., procured assignments by said banks respectively of their said judgments to be made to Burns, Jr. When the banks were asked to so assign said judgments, they, and each of them, objected and refused, until it was stated to them and first agreed by said Burns, Jr., or by said attorney acting for him, that said judgments were entirely and forever satisfied as far as any claim that could or might ever be asserted against the appellee was concerned; and it was alleged that said banks, or either of them, never sold said judgments

to the appellant Burns, Jr., who gave no consideration for said judgments, or either of them; but said judgments were entirely paid and satisfied by said Strait out of his own property and by the appellee, to said banks, the respective owners thereof, before the pretended assignments were made to Burns, Jr.; that he, without right and wrongfully, caused executions to be issued on said judgments to the appellant Woods, as sheriff, who had levied upon and seized certain real estate owned by the appellee, and had advertised it for sale, etc. Prayer that said judgments and said writs be adjudged satisfied, and that the appellants be enjoined, etc.

The appellants answered by a general denial. The cause was tried by a jury, and a verdict was returned in favor of the appellee. A motion for a new trial, filed by the appellants, was overruled, and judgment was rendered in accordance with the prayer of the complaint. The overruling of the motion for a new trial is assigned as error.

In the motion for a new trial, the cause numbered the first contained two subdivisions, and the first subdivision appears in the transcript before us as follows:

" 1. The court erred in admitting, over defendants' objections, the following, as evidence to the jury, to wit:

"*First.* The court erred in admitting the following executions issued by Citizens' Bank, in these words, to wit:  (These executions are inserted at full length on pages 69, 70, 75, 77, lines 1, 1, 14, 3.  Clark W. Weesner, clerk.)  And the following issued by the First National Bank, in these words, to wit:  (These executions are inserted at full length on pages 71, 78, 80, lines 14, 29, 18.  Clark W. Weesner, clerk.)  The following entries in the execution-docket, in these words, to wit:  (Set out at full length on pages 83, 84, 85, 86, lines 13, 1, 1, 1.  Clark W. Weesner, clerk.)  Also in the testimony of Harvey F. Woods, as a witness, the following endorsement and notice of sale, in these words, to wit:  (Inserted at full length on pages 88, 90, lines 6, 18.  Clark W. Weesner, clerk.)  Also in admitting the following præcipes,

in these words, to wit: (Inserted at full length on page 82, line 24. Clark W. Weesner, clerk)."

The references in these parentheses are to the bill of exceptions, which was not signed or filed until long after the motion for a new trial had been overruled.

The statute provides that the application for a new trial must be by motion upon written causes filed at the time of making the motion. The causes quoted above from the motion of appellants were incomplete, and, in fact, specified nothing. They presented no question to the court below, and therefore they can present no question here.

In the second subdivision of the cause, numbered the first, it was assigned that the court erred in admitting in evidence conversations of Meredith H. Kidd, with different persons, not in the presence of the defendant Burns, and the motion specified these conversations and stated the language attributed by the witnesses to Kidd.

It is urged, in objection to this evidence, that Burns, Jr., was not present at the conversations, and that it had not been shown that Kidd was the agent or attorney of the appellant Burns, or authorized to speak for him.

When this evidence was admitted there had been introduced some evidence proper for the consideration of the jury as tending to prove that Kidd was acting for the appellant Burns, as his agent, and this was further shown afterward by the testimony of the witnesses for the defendants.

The evidence of the statements of the agent, while acting as such, made in the absence of his principal, in relation to the matter in which he was acting as agent, was not inadmissible as against the principal. It is claimed in argument that this evidence contradicted the written assignments of the judgments to Burns and was inadmissible on this ground.

The plaintiff was not a party to the writings which he sought in this case to impeach.

It was alleged in the complaint, and this testimony tended to prove, that the appellant Burns, through his attorney, had

been, and was, wrongfully attempting to cheat and defraud the plaintiff in respect to said judgments, and the procurement of said assignments was alleged as a part of the means used in the attempt. Even between the parties, the terms of a written contract may be contradicted by parol, for the purpose of showing fraud, which vitiates every transaction into which it enters. *Hines* v. *Driver,* 72 Ind. 125. But aside from the question of fraud, while a dispositive instrument can not be varied by parol, so far as the parties to it are concerned, yet, in respect to strangers, written instruments, usually have no binding force, and the familiar rule against the variation of such instruments by parol evidence applies only to parties and privies, and does not forbid their being attacked and contradicted by parol by strangers to them. *McMaster* v. *President, etc., Ins. Co.,* 55 N. Y. 222, 234 (14 Am. R. 239) ; *People* v. *Anderson,* 44 Cal. 65 ; *Hubbard* v. *Harrison,* 38 Ind. 323. It was not error to permit the plaintiff to show, by parol, the real circumstances of the transaction as a part of which said assignments were made, and to thus establish the fact alleged in the complaint that, as against the plaintiff, said judgments were fully paid and discharged, one-half by each surety.

As the cause for a new trial numbered the second, it was assigned that the court erred in overruling a motion of the appellants to strike out the evidence, the objections to the introduction of which we have just considered. What we have said disposes of this cause.

As the cause numbered the third, it was assigned that the court erred in sustaining the appellee's objections to certain questions propounded by the defendants to one of their witnesses. It is sufficient to say of this that it does not appear by the record what particular facts it was expected to elicit from the witness. *Lewis* v. *Lewis,* 30 Ind. 257 ; *Chamness* v. *Chamness,* 53 Ind. 301 ; *Lowder* v. *Lowder,* 58 Ind. 538 ; *Graeter* v. *Williams,* 55 Ind. 461.

The fourth and fifth causes in .the motion appear in the record as follows:

" 4. The court erred in giving the following charge to the jury, asked for by the plaintiff, in these words, to wit: (Inserted at full length on page 145, line 1. C. W. Weesner, clerk.)

" 5. The court erred in giving the following instruction to the jury, upon its own motion, to wit: (Inserted at full length, on page 147, line 24. Clark W. Weesner, clerk.)"

What we have said in disposing of the first subdivision of the first cause is applicable to the fourth and fifth causes.

The only other causes stated in the motion, being the sixth and seventh, presented the question whether the verdict was sustained by sufficient legal evidence.

We find in the record evidence tending to sustain the verdict. This being true, the testimony of a contrary tendency, if it can be said that there was such, can have no effect here to disturb the conclusion reached by the jury and sustained by the court below. We find no available error.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed April 6, 1883. Petition for a rehearing overruled October 19, 1883.