Filed May 14, 1884.

No. 11,030.

## POLAND v. MILLER ET AL.

WARRANTY.—*Breach of.*—*Complaint.*—A complaint for breach of warranty of the soundness of personal property sold is good without alleging that its defects were not open and visible.

SAME.—*Manufacture and Sale.*—The manufacture and sale of an article for a particular use implies a warranty that it is reasonably fit for that use, visible defects excepted, and the manufacturer is liable for such damages as result from a breach of the warranty, e. g., whiskey barrels, which by reason of defective material or cooperage, lose their contents.

SAME.—*Damages.*—*Negligence.*—One who buys whiskey barrels of a manufacturer for the purpose of storing whiskey therein, with express warranty that they are fit for that purpose, and, without negligence, believing they are fit for the purpose, so used them, and by reason of defects loses the contents, may recover therefor in a suit for breach of warranty.

SAME.—*Instruction.*—In such case it is not error to refuse to instruct that if the plaintiff's negligence contributed to his loss he can not recover.

PLEADING.—*Practice.*—If one of several paragraphs of a complaint be good, there is no error in overruling a demurrer to the whole complaint.

INSTRUCTION.—*Harmless Error.*—An instruction which is not correct, but can not possibly mislead when applied to the evidence of the particular case, is harmless.

Poland *v.* Miller *et al.*

SAME.—*Set-Off.*—An instruction that if the jury find for the plaintiff, after ascertaining the plaintiff's damages, an admitted set-off shall be deducted therefrom is harmless in a case where the plaintiff's damages are assessed at a sum greater than the set-off. ·

SAME.—An instruction that if the jury believe that the facts averred, etc., are true, they must find for the plaintiff, so clearly implies that the belief. must be founded on the evidence, that it is unobjectionable.

From the Shelby Circuit Court.

*J. B. McFadden* and·*B. F. Love,* for appellant.

*T. B. Adams* and *L. T. Michener,* for appellees. ·

BEST, C.—The appellees brought this action to recover such damages as they had sustained by reason of an alleged breach of warranty in the sale of a number of barrels manufactured and sold by the appellant to them for the purpose óf holding and storing whiskey.

The complaint consisted of two paragraphs. The first averred, in substance, that the appellant was engaged in manufacturing tight barrels, suitable for holding and storing whiskey, and for such purpose sold the appellees, who were engaged in its manufacture, a large number; that among these, twenty-five were defective, unsound and so unskilfully made as to be unfit for such use; that the appellees, without knowledge of their defective condition and in the belief that they were sound and suitable, filled all of them with whiskey and stored them away; that immediately thereafter they paid the government a revenue tax of ninety cents upon each gallon placed in them, and that afterwards, without their fault, three hundred and ten gallons of said whiskey, of the value of $1.90 per gallon, leaked from said barrels and was lost, to their damages, etc.

The second paragraph avers the same facts as the first, except it is alleged that the appellant expressly warranted said barrels to be suitable for the purpose for which they were made and sold.

A demurrer to each paragraph of the complaint was overruled; an answer in denial and a set-off were filed. A reply

Poland *v.* Miller *et al.*

completed the issues, which were tried by a jury and a verdict for $200 less $48 was returned for the appellees, upon which, over a motion for a new trial, judgment was rendered. The rulings assigned as error are that the court erred in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

The only objection urged to the second paragraph of the complaint is that it is not averred that the defects were not open and notorious. This was unnecessary, as such warranty does not embrace such defects. This would seem to be matter of defence. The approved forms do not contain such averment, and we think the law does not require it. 1 Estee Pl., p. 550; Iglehart P. &. P., p. 543; *Page* v. *Ford,* 12 Ind. 46.

The second paragraph being sufficient, the assignment that the court erred in overruling the demurrer to the complaint can not be sustained, however faulty the first may be, and, therefore, as an examination of the various objections made to the first is useless, we pass them, though we think none of them are well taken.

The motion for a new trial embraces several questions which will be considered in the order of their discussion.

It is first insisted that the evidence was not sufficient to sustain the verdict. This conclusion is thus reached: The price paid for the defective barrels exceeded their value, but the difference did not equal the damages assessed and the excess must rest upon the quantity of whiskey lost and revenue paid. If not entitled to recover for the loss of the whiskey the amount of the recovery was too large, and hence the appellant insists that the evidence is not sufficient to support the verdict.

The evidence tended to show that the appellees knew when they put the whiskey into the barrels that some of them were unfit for use, and the appellant insists that the appellees were therefore guilty of culpable negligence in using the barrels, and hence they must sustain such loss as their use occasioned.

The loss, if any, sustained by the use of barrels which the appellees knew were unfit, must be borne by them, but the mere fact that they knew that some of them were unfit did not necessarily render them negligent in using the remainder. Whether or not their use, under the circumstances, was negligence, was a question of fact. The evidence shows that three or four of the barrels, when the whiskey was put into them, leaked so badly as to be unfit for use, and from these the whiskey was emptied and the barrels discarded. A number of the other barrels also leaked, more or less, but the leakage was stopped, and these, with a large number of others that did not then leak—in all more than 200—were filled and placed in a bonded warehouse for storage. From time to time, these barrels were examined, and such as were found leaking were either removed or the leakage stopped; but notwithstanding the care thus bestowed, the evidence tended to show that during the year that those barrels were stored, more than 300 gallons of the whiskey was lost. The evidence also tended to show that barrels which were apparently tight and suitable when the whiskey was placed in them were afterwards found leaking—some in consequence of defective materials and others probably in consequence of unskilful cooperage. The fact that the barrels were unfit for the purpose for which they were made is not much controverted, and whether or not the appellees were negligent in storing their whiskey in them was a question of fact which, for aught that we can discover, was properly submitted to and determined by the jury. We, therefore, can not disturb the verdict upon this question.

The court instructed the jury that "A party who sells an article undertakes that such article is a good and merchantable article, and fit and suitable for the use for which it is intended, and is responsible for any damages resulting from any defect therein," except such defects as are obvious, and except such damages as arise from the use of an article obviously unfit for the purpose for which it is used. This charge

is not correct as an abstract proposition, but as applicable to this case it states the law correctly. The appellant was engaged in manufacturing these barrels, and he does not dispute his alleged undertaking of manufacturing them for the purpose of enabling the appellees to store their whiskey in them. A sale thus made by a manufacturer carries with it an implied warranty that the article is reasonably fit for the purpose for which it was manufactured, and if it is not, the manufacturer is liable for the damages caused by the breach of his contract.

The parties agreed that the appellees owed the appellant $48 on the set-off pleaded, and the court instructed the jury that if they should find for the appellees, they should assess their damages and deduct therefrom the $48.

This charge was correct in view of the damages assessed. If the appellant apprehended that the jury would, in the event that they found for the appellees, assess their damages at less than $48, they should have prepared an instruction applicable to such contingency.

It is also insisted that the first and third charges imply that the appellees may recover though the defects in the barrels were open and palpable, but an examination of them leads us to the conclusion that they are not faulty in this respect.

The court instructed the jury that "if they believed the facts averred," they should find for the appellees, and it is insisted that this was wrong, because the court did not also say that their belief must be founded on the evidence. This was understood and it was unnecessary to express it.

The court also instructed the jury that if the appellant warranted the barrels to be suitable for storing whiskey, and the appellees filled them in the belief that they were reasonably suitable for such purpose, and without gross negligence, etc., they could recover. This means, as we suppose, that if the appellees, without gross negligence, believed that the barrels were suitable and filled them, they could recover. This

was not erroneous. They had the right to rely upon the warranty, which the evidence shows was an express one.

The appellant requested the court to instruct the jury that if the appellees' negligence contributed to their loss, they could not recover. This was properly refused. The action was brought for breach of warranty in delivering defective barrels, and such damages as the appellees sustained by reason of this breach they were entitled to recover, though their negligence contributed to the loss of their whiskey.

The appellant also asked the court to instruct the jury that if the appellees knew the barrels were leaking, and could by reasonable diligence and care have prevented it, and did not, they could not recover for any loss by leakage thereafter. This was substantially given by the court in its second charge and there was, therefore, no error in its refusal.

This disposes of all the questions discussed, and as no error appears in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered that the judgment be affirmed, at the appellant's costs.

Filed May 10, 1884.