No. 12,818.

## Low v. Studabaker.

CONTRACT.—*Agreement to Pay Money Upon Completion of Railroad.—Proof of Route and Termini.—Parol Evidence.—Varying Written Contract.*—In an action upon a written contract to pay money upon the completion of the "Delphos, Bluffton and Frankfort" railroad to the town of Decatur, it is competent for the promisor to prove the route and termini of the road, but he can not vary the contract by parol evidence that the agreement was that the road should be extended to Toledo, and a connection secured with other roads leading to that city.

SAME.—*Complaint.—Averments as to Completion of Road.—Bad Answer Sufficient for Bad Complaint.*—In such case the complaint to enforce payment of the money is not sufficient if it does not aver that the railroad designated in the contract was completed to the point stipulated therein, and where the complaint is bad there is no available error in overruling a demurrer to a bad answer.

From the Jay Circuit Court.

*L. P. Milligan* and *O. W. Whitelock,* for appellant.

*P. A. Randall* and *W. J. Vesey,* for appellee.

ELLIOTT, C. J.—The appellant's complaint is based on a contract signed by the appellee, which reads thus: "In consideration of the construction of a narrow gauge railroad to Decatur, Indiana, and ten shares of the capital stock of the Delphos, Bluffton and Frankfort Railroad Company, or such other company as may consolidate therewith or succeed thereto, I hereby agree to pay to the order of said company five hundred dollars, upon the delivery of said stock and

the performance of all and every condition hereto annexed, which conditions are, that said railroad company shall build said railroad and have the same completed to the said town of Decatur, on or before the 1st day of January, 1880, and upon the further express condition that said railroad company will locate and build its depot at some place along Winchester street, in said town of Decatur, between Adams street and Nuttman street, in said town, and when these conditions are all complied with, this money I agree to pay without relief from valuation or appraisement laws."

The first question which is presented in this case is this: Was it competent to show by parol evidence that the parties agreed that the railroad referred to should be one built from Toledo, Ohio, to Decatur? This is the question, for there is no pretence that there was any fraud, nor is there any plea of failure of consideration, but the naked question is presented as we have stated it. It seems very clear to us that the contract is free from ambiguity, for the railroad to which it refers, and the railroad which the promisee undertook to construct, was the railroad described, namely, the Delphos, Bluffton and Frankfort Railroad. It was undoubtedly competent for the appellee to prove the route and termini of that railroad, but it was not competent to annex by parol any condition or stipulation to the contract. The contract explicitly says that the "said railroad shall be completed," and this can only mean the railroad designated in the instrument. It was not proper to vary the contract by parol evidence that the agreement was, that it should be extended to Toledo, or that a connection with railroads leading to that city should be secured. To permit this would be to allow the appellee to put an important stipulation into the contract by parol, and this well settled principles prohibit.

The fourth paragraph of the answer was clearly bad, because it attempted to vary a written contract by parol.

The complaint is also bad, for it does not aver that the designated railroad was ever completed to Decatur. It is

averred that a narrow gauge railroad was completed to Decatur, but from what place is not averred. This was clearly insufficient, for it may be that but a mile or two was completed, and this certainly would not be a compliance with the contract. As the complaint was bad the appellant can take no benefit, for a bad answer is good enough for a bad complaint.

The first error, and a fundamental one, was in holding a bad complaint to be good, and consequently the appellant is not in a situation to successfully complain of an error in overruling a demurrer to an answer. As he had no sufficient complaint in the record, he could not have obtained a judgment in any event, no matter what intermediate errors were committed.

Judgment affirmed.

Filed Feb. 5, 1887; petition for a rehearing overruled April 6, 1887.