Conant *et al. v.* The National State Bank of Terre Haute *et al.*

No. 13,880.

## CONANT ET AL. *v.* THE NATIONAL STATE BANK OF TERRE HAUTE ET AL.

CONTRACT.—*Parol Evidence to Vary.*—*How Far Admissible.*—The actual consideration of a written contract may be shown by parol evidence, but where the acts that a party agrees to perform are specifically set forth, it can not be shown by parol evidence that he agreed to do other things. Where there is neither fraud nor mistake the parties can not add a stipulation to a written contract complete in all its parts.

SAME.—*Express Warranty.*—Where there is a written instrument embodying the terms of the contract between buyer and seller, an express warranty can not be imported into the contract by parol evidence.

SALE.— *Written Contract.* — *Warranty.*—A written proposal for a sale of flour machinery, which became by acceptance the contract between the parties, contained the following statement: " We will furnish the following machinery for a one-hundred-barrel mill (of twenty-four hours) set up in your mill building."

*Held*, it did not constitute a warranty that the machinery would manufacture any particular grade of flour.

SAME.—*For Special Purpose.*—*Implied Warranty.*—*Extent of.*—A manufacturer of machinery, who sells it to a person whom he knows buys it for a special purpose, and with the intention of putting it to a particular use, does, as a general rule and in the absence of an express warranty, impliedly warrant that the machinery is reasonably fit for that purpose, and reasonably suited to that use. The implied warranty does not extend beyond that limit.

SAME.—*Representations as to the Future.*—*How Construed.*—The representations of the sellers of machinery as to what the machinery would do in the future must be deemed to be expressions of opinion, and not fraudulent in their nature, unless facts are averred which give them a different effect.

SAME.—*Pleading.*—*Answer.*—*Averment of Fraud.*—Where an answer charges that the plaintiffs, who were the sellers of the machinery, were experts in flour-mill machinery, and made certain representations as to what the machinery would do in the future, it must, in order to charge fraud upon them, show that they knew, or had reason to believe, that the statements as to what the machinery would accomplish were false and fraudulent.

PLEADING.—*Fraud.*—*How Pleaded.*—One who charges fraud must plead

Conant *et al. v.* The National State Bank of Terre Haute *et al.*

all the facts constituting the fraud, for, as the presumption is in favor of fair dealing, he can secure nothing by intendment.

MARRIED WOMAN.—*May Become Partner.*—Under the act of 1881 a married woman may become a partner in a business.

From the Parke Circuit Court.

*C. F. McNutt, S. R. Hamill, D. H. Maxwell, S. C. Davis, S. B. Davis, T. B. Long, G. W. Faris, J. G. McNutt* and *F. A. McNutt,* for appellants.

*B. E. Rhoads, I. N. Pierce* and *E. F. Williams,* for appellees.

ELLIOTT, C. J.—The appellees declared upon five promissory notes and a mortgage executed by the appellants for mill machinery, and the latter answered the complaint in several paragraphs of great length, to all of which demurrers were sustained.

The answers are very voluminous, and it would uselessly encumber the record to set them out, and we shall not attempt to do so, but will refer to such parts of them as are important when we come to consider the rules of law applicable to them.

Several of the paragraphs of the answer may be disposed of by the application of the familiar rule that where a written instrument is executed it becomes the repository of the entire contract, and the undertaking and agreement of the parties must be ascertained from the instrument and measured by its provisions.    The decision in *Welz* v. *Rhodius,* 87 Ind. 1, has been much limited, if, indeed, not entirely overthrown, by the later decisions, and the broad doctrine there laid down can not be regarded as correct. *Diven* v. *Johnson,* 117 Ind. 512; *Singer Mfg. Co.* v. *Forsyth,* 108 Ind. 334. It is true that the actual consideration of a contract may be shown by parol evidence, but it is not true that where the acts that a party agrees to perform are expressly and specifically set forth, it may be shown by parol evidence that he agreed to do other things.    Where the writing states spe-

cifically the acts which the parties are to perform, no other acts can be proved by parol except in cases of fraud or mistake. The writing takes up and retains the whole and every part of the contract, leaving nothing to be supplied by extrinsic evidence. *Clanin* v. *Esterly, etc., Co.*, 118 Ind. 372; *Seavey* v. *Shurick,* 110 Ind. 494; *Carr* v. *Hays,* 110 Ind. 408; *Low* v. *Studabaker,* 110 Ind. 57; *Long* v. *Straus,* 107 Ind. 94 (100); *Brown* v. *Russell & Co.,* 105 Ind. 46; *Ice* v. *Ball,* 102 Ind. 42; *Phillbrook* v. *Emswiler,* 92 Ind. 590.

The provisions of a written contract can not preclude a party from showing that it was obtained by fraud. *Burns* v. *Thompson,* 91 Ind. 146; *Hines* v. *Driver,* 72 Ind. 125; *Gatling* v. *Newell,* 9 Ind. 572. But, where there is neither fraud nor mistake, the parties can not add a stipulation to a written contract complete in all its parts. This rule even extends to cases where there are preliminary written agreements which are merged in a complete final contract. *Phillbrook* v. *Emswiler, supra; Turner* v. *Cool,*23 Ind. 56; *Bailey* v. *Snyder,* 13 Sergt. & R. 160; *Williams* v. *Morgan,* 15 Q. B. 782. The reason for the rule is, that if the complete and final written contract is not regarded as the best evidence of the entire agreement of the parties the courts can not determine where the preliminary negotiations ended and the final contract became complete. Wharton Cont. section 684.

In this instance the appellants can not add to the written contract a stipulation that the sellers of the mill machinery agreed to furnish and place in operation machinery that would manufacture three designated grades of flour, and with a capacity of one hundred barrels daily, for the specific and unambiguous provision of the contract is that the sellers agree to furnish and put in operation "machinery for a one-hundred-barrel mill," and the machinery which they agreed to furnish is particularly described and designated  The provisions of the contract are specific, and these specific provisions can not be supplanted by oral statements. To permit parties to substitute oral statements for written stipulations

would render written instruments valueless, and leave to the uncertainty of human memory the terms of contracts. This would defeat the chief purpose of a written instrument, which is to furnish certain, reliable and permanent evidence of the contract. Where parties commit their contract to writing, by that writing they must stand, where there is neither fraud nor mistake. This must be true, or else the distinction between oral and written contracts will be utterly broken down.

Where there is a written instrument, embodying the terms of the contract between buyer and seller, an express warranty can not be imported into the contract by parol evidence. Where the writing contains an express warranty implied ones are excluded. This doctrine rests upon the general rule already stated, and is one among the best settled in the law. *Johnston Harvester Co.* v. *Bartley,* 81 Ind. 406 ; *Brown* v. *Russell & Co., supra; Randall* v. *Rhodes,* 1 Curtis C. C. 90 ; *Deming* v. *Foster,* 42 N. H. 165 ; *Dickson* v. *Zizinia,* 70 E. C. L. R. 602; *Parkinson* v. *Lee,* 2 East, 34 ; *Warbassee* v. *Card,* 74 Iowa, 306 ; *Nichols, etc., Co.* v. *Wyman,* 71 Iowa, 160.

The written proposal of the sellers of the machinery which became, by acceptance, the contract between the parties, contains no warranty of what the machinery will do. The introductory sentence of the sellers' proposal is this : " We will furnish the following machinery for a one-hundred-barrel mill (of twenty-four hours), set up in your mill building." This sentence is followed by a specific description of the various articles which the vendors propose to sell. It is doubtful whether there is any express warranty at all ; but, however this may be, it is quite clear that there is no warranty that the machinery will manufacture any particular grades of flour. It is true that no special form of words is required to constitute a warranty, but there must be enough to fairly express an intention to warrant the thing sold to be what it is represented. *Mason* v. *Chappell,* 15 Gratt. 572. A

description of a thing is not of itself a warranty of what it will accomplish. A warranty is not necessarily a part of a contract; it is, indeed, a collateral and independent element, and must be expressed in the writing, except in cases where the law implies a warranty. There may be an implied warranty without positive stipulations, but there can be no express warranty without appropriate words expressing an intention to warrant, and fairly conveying that meaning.

A manufacturer of machinery who sells it to a person whom he knows buys it for a special purpose, and with the intention of putting it to a particular use, does, as a general rule, and in the absence of an express warranty, impliedly warrant that the machinery is reasonably fit for that purpose, and reasonably suited to that use. *McClamrock* v. *Flint*, 101 Ind. 278; *Poland* v. *Miller*, 95 Ind. 387. But the implied warranty does not extend beyond this limit. It does not affirm that the machinery will manufacture articles of a peculiar grade and quality. If the article is reasonably fit for the purpose for which the purchaser bought it, and to which the seller knew it was intended to be applied there is no breach of the implied warranty. *Robinson Mach. Works* v. *Chandler*, 56 Ind. 575; *Chanter* v. *Hopkins*, 4 M. & W. 399; *Ollivant* v. *Bayley*, 5 Q. B. 288; *Port Carbon Co.* v. *Groves*, 68 Pa. St. 149.

What we have said disposes of all the questions respecting the warranty which appellants have argued, or the record presents.

The allegations of the answers which assume to plead fraud, do not charge that the sellers of the machinery, for which the notes in suit were given, misrepresented any material fact. They do, however, charge that the sellers represented that they were experts in " flour-mill machinery; that they had a peculiar knowledge in relation to flour-mill machinery," and that the defendants were ignorant of such matters. These answers also charge that the sellers, being experts, " with intent to deceive the defendants and take

advantage of their want of knowledge, falsely represented that the machinery specified, with proper adjustments, was adapted to and in all respects sufficient, and had a capacity of one hundred barrels per day of the three grades of flour, patent, clear and low grade, and that said machinery, when adjusted and set up, had the capacity to make flour in said quantity and quality, properly, economically and profitably."

The representations which the answer charges that the sellers made to them, when taken together, can not very well be held to be more than the expressions of opinions and commendations relating entirely to the work the machinery can do in the future, and the manner in which it will do that work.   It is quite well settled that mere commendation will not in ordinary cases be regarded as fraudulent representations.  *Neidefer* v. *Chastain,* 71 Ind. 363 (36 Am. R. 198).  It is difficult in this instance to separate the statements, and it would seem that all were merely commendatory of the machinery, but without deciding this point we pass to others.

The statement of an opinion is not, as a general rule, the representation of a fact, and such a statement can seldom be deemed fraudulent.   The representations of the sellers of the machinery were as to what the machinery would do in the future, and such representations are deemed expressions of opinion, unless facts are averred which give them a different effect.   The statements of the sellers were not representations of what had been done in the past, but were assertions of what could be done in the future.   The representations were predictions of what might be done, and not assertions of what had been done.   Ordinarily even statements of facts do not constitute fraud when they relate solely to the future.   *Bethell* v. *Bethell,* 92 Ind. 318 ; *Burt* v. *Bowles,* 69 Ind. 1 ; *Fouty* v. *Fouty,* 34 Ind. 433 ; *Fenwick* v. *Grimes,* 5 Cranch C. C. 439 ; *Long* v. *Woodman,* 58 Maine, 49.   In this case the representations were both as to matters of opinion and as to matters in the future, so that there must be some very strong features to take the case out of the general

Conant *et al. v.* The National State Bank of Terre Haute *et al.*

rule that statements of matters of opinion and statements in the nature of predictions can not, although untrue, constitute fraudulent representations.

If the contract between the parties had been for a mill actually in operation, then it might with much force be argued that the representations were of matters of fact and not simply of matters of opinion, for there is an essential difference between representations concerning a mill that has been tried and its capacity ascertained, and that capacity has become known to the vendor, and representations as to what untried machinery will accomplish in the future. *Sieveking* v. *Litzler*, 31 Ind. 13; *Faribault* v. *Sater*, 13 Minn. 223. Here the machinery was to be furnished by the vendors, and, so far as appears from the record, it had not been tried, and there is no averment that the sellers either knew or had reason to believe that their opinion as to its capacity and power was not honestly entertained and well founded. We can not add averments to a pleading in any case where it is challenged by demurrer, and least of all where it charges fraud. One who charges fraud must plead all the facts constituting fraud, for, as the presumption is in favor of fair dealing, he can secure nothing by intendment. The charge that the sellers designed to defraud the defendants does not supply the place of the absent material facts.

There are exceptions to the general rule that expressions of opinion can not be considered fraudulent representations, and the only possible theory upon which the answer can be sustained is that it takes the case out of the general rule and brings it within the exception.

If such a case as this can possibly be drawn from under the general rule it must be upon the ground that the sellers, for the purpose of deceiving the purchasers, falsely and fraudulently represented that they were specialists possessing superior knowledge, or, being specialists, fraudulently availed themselves of their position and the purchasers' belief in their superior knowledge to deceive and defraud them.

*Bethell* v. *Bethell, supra; Kinney* v. *Dodge,* 101 Ind. 573; *Attwood* v. *Small,* 6 Clark & F. 232; 1 Story Eq. Jur , section 198; 2 Pomeroy Eq. Jur., section 878. It is essential, in such a case as this, that the opinion should not only be unfounded but should also be fraudulent, for here the sellers were, as the answer avers, specialists, and their expressions of opinion related solely to untried machinery, and were not concerning past or existing things. It can not be said that the representation that they were experts was fraudulent, for that representation was true, so that the only question is whether their expressions of opinion were false and fraudulent. In such a case as this—and we confine our decision closely to the case at our bar—the opinion must be fraudulent, as well as false or unfounded. A purchaser who knows that the statements made to induce him to buy are simply expressions of opinion can not successfully charge the seller with fraud, unless he shows that the seller knew, or had reason to believe, that his statements were false, for if the seller honestly entertains the opinion he expresses, although he may be an expert, he is not guilty of fraud in expressing it, even though it may be entirely incorrect. There is nothing in the answer before us which will justify the conclusion that the sellers either knew, or had reason to believe, that their opinion as to what the machinery would accomplish was unfounded. The presumption in favor of honesty requires that it be held, in the absence of countervailing facts, that the opinion was honestly entertained and truthfully expressed. If facts existed which made the representations fraudulent they should have been pleaded as facts; conclusions are not sufficient.

We are not dealing with a case where the statements were as to matters of fact; if we were, a different rule would apply, for then it would not be necessary to aver knowledge. *Kirkpatrick* v. *Reeves, ante,* p. 280. Nor are we dealing with a question of evidence. Our discussion concerns questions arising upon the answer, and we can only consider

the substantive facts which it alleges positively and directly, for the demurrer admits only such facts as are well pleaded. If the question arose on the evidence, then there would be a wide range for inference, and circumstances might weigh heavily, but it is otherwise where the question arises on a pleading professing to set forth a defence based on fraudulent representations. If, therefore, material facts are absent the pleading must be adjudged bad.

Under the act of 1881 a married woman may become a partner in a business firm. *Burk* v. *Platt*, 88 Ind. 283. The decision in *Haas* v. *Shaw*, 91 Ind. 384, was based upon the law as it existed prior to the adoption of the act to which we have referred.

Filed Oct. 17, 1889; petition for a rehearing overruled Dec. 19, 1889.