HILGEMAN ET AL. *v.* SHOLL.

[No. 2,630. Filed October 26, 1898.]

CONTRACT.—*Sale of Real Estate.—Deed.—Parol Evidence.* — A contract was entered into to pay a stipulated price for a tract of land supposed to contain eighteen acres, with the additional provision that if upon a survey of the tract it should be found to contain more than eighteen acres the overplus was to be paid for at the rate of $200 per acre. Pursuant to the contract a deed was executed and recorded. *Held,* in an action on the contract to recover for the overplus that, in the absence of any evidence of what the stipulations of the deed contained, parol evidence was admissible to show that at the time of the execution of the deed it was agreed that a survey should be made, and that the overplus was to be paid for as provided in the original contract; and that a survey had been made and the tract found to contain an overplus of fifty-seven hundredths of an acre.

From the Lake Circuit Court. *Affirmed.*

*John B. Peterson,* for appellant.

*William Johnston,* for appellee.

ROBINSON, J.—This cause was transferred to this court by the Supreme Court. Appellee and appellant Hilgeman entered into a written contract in which Hilgeman agreed to pay appellee $3,550 for an eighteen acre tract of land, the contract providing that if upon a survey of the land it should be found to contain more than eighteen acres Hilgeman should pay appellee for the surplus at the rate of $200 per acre. Hilgeman assigned the contract to appellant Kulage, to whom appellee afterwards executed a deed for the tract of land described in the contract.

· The only question presented by the record and argued is whether it was competent to prove by parol that at the time of making the deed it was agreed that the land described in the deed should be surveyed, and if it was found that the tract contained

more than eighteen acres, appellant should pay for the overplus at the rate of $200 per acre.

It is shown by the evidence that a deed was executed pursuant to the contract and that it was recorded. The contract thus became merged in the deed, but the deed was not introduced in evidence, nor were its contents proved. The deed itself is the best evidence of its stipulations. If the language of the deed with reference to the consideration was merely by way of a recital of a fact, parol evidence was admissible to show what the real consideration of the deed was.

While it is well settled that parol evidence is admissible to show the real consideration, though it be different from the recital in the contract, yet where the consideration is contractual, as where a specific and direct promise is made to do certain things, it can no more be changed or modified by parol evidence than any of the other conditions of the contract. *Pickett* v. *Green*, 120 Ind. 584; *Western, etc., Co.* v. *Citizens Street R. Co.*, 128 Ind. 537; *Conant* v. *National State Bank*, 121 Ind. 323; *Hubbard* v. *Marshall*, 50 Wis. 322; *Hinckley* v. *New York, etc., R. Co.*, 56 N. Y. 429; *Corks* v. *Barker*, 49 N. Y. 107.

Counsel cite the case of *Welz* v. *Rhodius*, 87 Ind. 1, 44 Am. Rep. 747, as declaring a different rule from the above. But the doctrine announced in that case has been criticised if not expressly overruled. *Western, etc., Co.* v. *Citizens Street R. Co.*, supra; *Conant* v. *National State Bank*, supra.

In the absence of any evidence of what stipulations the deed really contained, the presumption is that the terms of the contract were carried out in the execution of the deed, which it appears was made pursuant to the contract. The contract provides that any

excess over eighteen acres should be paid for at a certain price per acre, and there is evidence that there was an excess to an extent as great, if not greater, than the judgment rendered. .

There is no error in the record, and the judgment is affirmed.