## McCORMICK HARVESTING MACHINE COMPANY v. YOEMAN.

[No. 3,380.    Filed March 26, 1901.]

BILLS AND NOTES.—*Extension of Time.*—Where the maker of a promissory note agrees with the payee that if the latter will extend the time of payment for a definite time he will pay the same at the expiration of that period, and the time is so extended, such promise of the maker constitutes a new contract, binding in law, and capable of enforcement, though the maker may have had a good defense to the note before the agreement to extend was made. *p. 416.*

CONTRACTS.—*Oral Warranties.*—In a written contract embracing a warranty or warranties, all warranties, whether oral or implied, are merged in the written contract. *pp. 417, 418.*

From the Daviess Circuit Court. *Reversed.*

*M. S. Hastings, J. G. Allen* and *J. C. Billheimer,* for appellant.

*W. S. Hoover, C. B. Kelley, J. H. O'Neall* and *W. F. Hoffman,* for appellee.

WILEY, J.—This was an action by appellant against appellee on a promissory note. The note was given for a corn harvesting machine. Appellant gave appellee a written warranty upon the machine sold. Appellee's answer pleaded a breach of the warranty. Appellant replied, in

substance, that, after the maturity of the note, and while it was attempting to collect it, and while appellee was claiming that he had some defense to it, appellee and appellant entered into an agreement by which, in consideration of extending the time of payment until a definite day, and by way of settlement and compromise, appellee agreed to pay upon said note $25 cash, or to pay it in a few days, which he did, and pay the balance at the expiration of the extension of time, keep the machine, and make no further defense to the note.

Upon the issues thus formed, the cause was submitted to a jury for trial, resulting in a verdict and judgment for appellee.    Appellant's motion for a new trial, which was overruled, questions the sufficiency of the evidence to sustain the verdict.    Appellant's reply was held good against a demurrer.

The evidence abundantly sustains every material fact pleaded in the reply.    Upon such facts there is no conflict in the evidence.    The appellee himself testified that after the maturity of the note he agreed with appellant that if it would extend the time of payment he would pay upon the note $25 in cash, pay the balance at the expiration of the time of extension, and not make any further defense.    He also testified that when said agreement was made that he claimed to have a defense against the note, by reason of a breach of the warranty.

It is the settled law in this State that where the maker of a promissory note agrees with the payee that if the latter will extend the time of payment for a definite time he will pay the same at the expiration of said period, and the time is so extended, such promise of the maker constitutes a new contract, binding in law and capable of enforcement, though the maker may have had a good defense to such note before the agreement to extend was made.    *Brown* v. *Bank,* 115 Ind. 572; *Jaqua* v. *Montgomery,* 33 Ind. 36, 5 Am. Rep. 168; *Henry* v. *Gilliland,* 103 Ind. 177.    See, also, *Doherty* v. *Bell,* 55 Ind. 205.

The evidence also fails to support the verdict upon another material proposition, which is the basis of appellee's defense. As above stated, appellee's answer is based upon a breach of a warranty. The warranty relied upon is in writing, and was contained in a written order signed by appellee and delivered to appellant. In the written order is this language: "The machine to be warranted as per the following warranty, a copy of which I this day received. These machines are all warranted to be well made, of good material and durable with proper care." This is the only warranty embraced in the order. In his answer, appellee pleaded: "That said representations and warranty, as stated in said written order, were made as an inducement to defendant to buy said machine and execute said note, and that defendant was thus induced to buy said machine and to execute said note, defendant at the time being wholly ignorant of the character and usefulness of said machine, he purchased the same upon the aforesaid warranty and representations * * * and in consideration thereof said note was given."

It is quite clear from the allegations of the answer that appellee purchased the machine and executed the note "upon the aforesaid warranty and representations * * * as stated in said written order." While it is true that the answer avers that certain representations were made as to the manner in which the machine would do the work for which it was intended, yet such averments must be disregarded, for a pleading can not proceed upon two theories, but must rest upon one definite and certain theory. It is too plain to admit of argument, that the answer proceeds upon the theory of a written warranty. The order containing the warranty is copied bodily into the answer and made a part of it. The answer does not even aver that the machine was not well made, of good material, and durable with proper care. The only warranty contained in the written order is not negatived.

It is a well settled rule of law that where a written contract is made, oral warranties and implied warranties and all oral negotiations are merged in the written contract, and by its terms the parties must be bound.

*Shirk* v. *Mitchell*, 137 Ind. 185, was a case very similar to this. The action grew out of the purchase and sale of a traction-engine under a written warranty. The court said: "The contract before us is a written one; it must speak for itself. Where a written contract of warranty is ·made, oral warranties and implied warranties are all merged in the written contract, and by its terms the parties must be bound as in other cases of written agreements." See, also *McClure* v. *Jeffrey*, 8 Ind. 79; *Gatling* v. *Newell*, 9 Ind. 572; *Smith* v. *Dallas*, 35 Ind. 255; *Brown* v. *Russell*, 105 Ind. 46; *Seitz* v. *Brewers, etc., Co.*, 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837; *Robinson Mach. Works* v. *Chandler*, 56 Ind. 575; *Conant* v. *Bank*, 121 Ind. 323.

The most careful examination of the record fails to disclose any evidence showing any breach of the written warranty.

Counsel have discussed some other questions growing out of certain additional provisions of the contract, but as the judgment must be reversed for the reasons stated, and as such other questions are not likely to arise in a subsequent trial, we decline to decide them.