# PENN AMERICAN PLATE GLASS COMPANY *v.* DE LA VERGNE MACHINE COMPANY.

[No. 8,272. Filed November 20, 1914. Rehearing denied January 29, 1915. Transfer denied March 25, 1915.]

1. SALES.—*Warranties.—Implied Warranties.*—A detailed description of a machine to be constructed does not preclude the idea of an implied warranty of the plan or design, and such warranties will be implied, unless they are fully covered by the express terms of the contract, under the rule that one who undertakes to make a machine for a specific use, warrants it, in plan and design, to be reasonably fit for the use for which it was intended. (*Conant* v. *National State Bank* [1889], 121 Ind. 323; *McCormick* v. *Yoeman* [1901], 26 Ind. App. 415; *Sullivan Mach. Co.* v. *Breeden* [1907], 40 Ind. App. 631; *Johnson Harvester Co.* v. *Bartley* [1882], 81 Ind. 406; *Brown* v. *Russel & Co.* [1886], 105 Ind. 46; and *Nave* v. *Powell* [1913], 52 Ind. App. 496, distinguished.) p. 337.

2. SALES.—*Warranties.—Express Warranties.—Implied Warranties.*—An implied and an express warranty may exist under the same contract unless the express warranty covers the obligations created by the implied, or the language used excludes the idea of an implied warranty; hence, where a manufacturer undertook to construct a gas engine, and expressly warranted that it should be built in a thorough, workmanlike manner of proper materials, an implied warranty as to design and suitability was not thereby precluded. p. 339.

3. SALES.—*Action for Purchase Price.—Answer.—Motion to Strike*—In an action for the purchase price of a gas engine the court erred in striking from the answers certain items on the theory that plaintiff could not be charged with an implied warranty, and in striking out the contract and specifications which were filed as exhibits to one paragraph of answer. p. 340.

4.  PLEADING.—*Motion to Strike.—Purpose.*—It is not the office of a motion to strike out to thereby make a pleading ambiguous. p. 340.

From Superior Court of Madison County; *H. Clarence Austill,* Judge.

Action by the De La Vergne Machine Company against the Penn American Plate Glass Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John W. Lovett, Burke G. Slaymaker* and *Ferdinand Winter,* for appellant.

*M. A. Chipman,* for appellee.

SHEA, J.—Action by appellee, a corporation, against appellant, a corporation, on account of goods sold and delivered. The complaint is in two paragraphs. The first alleged that appellant was indebted to appellee on an account for one motor cylinder complete, of the value of $1,626, sold and delivered by appellee to appellant, at appellant's special instance and request; that $500 had been paid on said account, leaving due and unpaid $1,126. The second paragraph was upon an account for two o. h. s. nuts for piston rod, of the value of $81.15, due and unpaid. Appellant filed an answer in three paragraphs. The first, a general denial, was afterward withdrawn.

It is insisted that the second paragraph of answer and set-off contains two theories, one based upon an express warranty, the other upon an implied warranty. A motion to strike out many of the allegations with respect to the implied warranty was sustained. The contract and specifications attached and marked "exhibit A" were also stricken out. It is the contention of appellant that the second paragraph of answer was drawn upon the theory of an implied warranty, and a breach thereof, and that the effect of sustaining appellee's motion to strike out was to emasculate and destroy the pleading. A motion to strike from the third paragraph of answer and set-off all the allegations

with respect to damages to the factory and other machinery was sustained, leaving therein the theory of implied warranty. After the motion to strike out was sustained, demurrers were addressed to each paragraph of answer and sustained by the court, to which exceptions were duly taken. The cause was submitted to the court for trial. Finding and judgment for appellee on the first paragraph of complaint for $1,419.88 and on the second paragraph for $103.91.

It is very earnestly insisted that the motion to strike out parts of the second and third paragraphs of answer is not properly in the record, and can not therefore be considered by this court. In view of the conclusion we have reached, this question need not be considered.

The controlling and important question presented by this record is as to whether implied warranties may be read into a written contract where there are certain express warranties contained in said instrument. It is urged in behalf of appellant that implied warranties must be read into a written contract such as this, upon all points not covered by the express warranties. It is argued that this is especially applicable to cases of this character. The record discloses that appellee was engaged in the manufacture of gas engines; that appellant operated a plate glass factory in the city of Alexandria, Indiana; that appellant needed for use in its business three 600 horsepower gas engines, which were ordered from appellee to be manufactured for the particular uses of appellant in its business of manufacturing plate glass.

It is insisted that the manufacture of a machine for a specific purpose, by a company such as appellee, which holds itself out to the buyer of the machine as having the skill and ability to manufacture said machine for said purposes, warrants it to do the work for which it was made. The buyer must of necessity leave to the manufacturer the selection of the design and the process of manufacture. The buyer has no opportunity to inspect or test such machine,

336    APPELLATE COURT OF INDIANA,

Penn, etc., Glass Co. v. De La Vergne Mach. Co.—58 Ind. App. 333.

but must rely upon the skill of the manufacturer. Under such circumstances, when the manufacturer designs and undertakes to make and deliver to the buyer such a machine as the buyer requires for his known purposes, then, and in such case, the law implies and will read into the contract a warranty that such machine shall be free from defects, latent and otherwise, in the design or plan, and that it shall be reasonably fit for the use contemplated. It is further urged that the express warranty in this case does not cover the general design or plan of the engines so purchased. The guarantees are as follows: '' (1) We will construct the said engines in all their parts in a thorough and workmanlike manner; (2) using none but the best materials; (3) and under the stipulated conditions will guarantee that the said engines will perform the work herein specified if properly handled; (4) and will replace any part of said engines which may prove defective, either in material or workmanship for one year from their completion; (5) that each of the engines * * * will produce 600 effective horsepower with a consumption of fuel in the form of natural gas having heat value of about 900 B. T. U. per cubic foot, not exceeding 10,000 B. T. U. per horsepower per hour, when running at 100 revolutions per minute.''

It is insisted that none of these warranties meet the question of the inherent inadaptability of the engines to the uses for which they were ordered, made and attempted to be used. It is charged in each paragraph of the answer that the flywheel, instead of weighing 26,000 pounds as the specifications designated, in fact weighed 73,000 pounds; that its weight was excessive as compared with the other parts of said engine, especially for the shaft upon which it revolved; that after its use for the period of time stated, the shaft became crystallized and broke, causing the damage stated, all because of the faulty plan or design of said engine and flywheel as above stated.

Appellee argues very earnestly that, in view of the fact

that the above guarantees were contained in the written contract, there could be no implied warranty covering any other or different defects which might appear in the plan, design or principle upon which the machine was constructed, and that the warranties contained in the written contract covered a period of one year only, because of the statement in said warranties that appellee would replace any part of said engines proving defective within one year from their completion. The defects in the engines in question were not complained of until a period of four and one-half years had elapsed. There are some Indiana cases which contain statements which, if given their full import, sustain appellee's contention. It is argued that the detailed description of the machines to be constructed precludes the idea of an implied warranty of the plan or design. In the case of *Conant* v. *National State Bank* (1889), 121 Ind. 323, 327, 22 N. E. 250, cited and relied on by appellee, the court said: "A description of a thing is not of itself a warranty of what it will accomplish". If, therefore, the description of the machine set out in the contract under consideration is not a warranty of "what it will accomplish", it will not cover the implied warranty that the machine is so planned and designed to do the work for which it was intended.

While there are some expressions in the case of *Conant* v. *National State Bank, supra,* which, if taken from their context would seem to support appellee's theory, when considered with all the facts, they are not in conflict with the principle that warranties not covered by the express terms of the contract are implied in cases such as the present. The principal point decided by the case of *Conant* v. *National State Bank, supra,* is that parol proof can not be heard to vary the express terms of the contract. This doctrine is beyond dispute in this jurisdiction, but it has no application to the present case. In the case of *McCormick*

338     APPELLATE COURT OF INDIANA,

Penn, etc., Glass Co. *v.* De La Vergne Mach. Co.—58 Ind. App. 333.

v. *Yoeman* (1901), 26 Ind. App. 415, 418, 59 N. E. 1069, cited and relied on by appellee the court said that ''where a written contract is made, oral and implied warranties and all oral negotiations are merged in the written contract''. The parties sought to change and vary the express terms of the writing, which the court very properly said could not be done. The case of *Sullivan Mach. Co.* v. *Breeden* (1907), 40 Ind. App. 631, 82 N. E. 107, cited by appellee was an action upon a written contract, which contained a guarantee that the machine sold was the equal ''in design, material, and workmanship to the recent channeling machines shipped into the Indiana district.'' The court said the defendant by his pleading ''admits the execution of the contract, as averred in the complaint, but undertakes to avoid it by alleging an altogether different parol contract of warranty than that contained in the writing sued upon.'' The defendant in that case averred in a paragraph of answer that the seller's agent had warranted the machine to be the best in the market. The court held the pleading bad as being an effort to change the terms of the written agreement by parol. This case, when the facts are considered, does not sustain appellee's contention in the present case. The cases of *Johnson Harvester Co.* v. *Bartley* (1882), 81 Ind. 406; *Brown* v. *Russell & Co.* (1886), 105 Ind. 46, 4 N. E. 428; and *Nave* v. *Powell* (1913), 52 Ind. App. 496, 96 N. E. 395, are readily distinguishable in their facts from the case we are considering. The great weight of authority sustains the principle that the manufacturer who undertakes to make an engine for a specific use warrants it, in plan and design, to be reasonably fit for the use for which it was intended. *Fitzmaurice* v. *Puterbaugh* (1897), 17 Ind. App. 318, 320, 45 N. E. 524; *McClamrock* v. *Flint* (1885), 101 Ind. 278; *Poland* v. *Miller* (1884), 95 Ind. 387, 48 Am. Rep. 730; *Robinson Mach. Works* v. *Chandler* (1877), 56 Ind. 575; 2 Mechem, Sales §1344; 2 Benjamin, Sales §966; *Jones* v. *Just* (1868), L. R. 3 Q. B. *197.

If this warranty is covered by the express terms of the contract, there is no implied warranty for that reason. If the written stipulation does not cover it, the law 2. writes into the contract the warranty which the law implies. The rule may be stated as follows: A manufacturer who undertakes to construct a machine for a particular purpose, of which he has knowledge, at a fair price, impliedly warrants that it is suitable for the purpose for which it is designed, and for which the purchaser intends to use it. This is true because the maker must of necessity be possessed of skill and ability in such work, the buyer has no opportunity to inspect the machine, and is therefore compelled to rely upon the skill and ability of the maker. This principle seems to be so well settled that further citation of authority is unnecessary. The question then presents itself—Do the written warranties in the present contract cover the defect in the plan or design of the engine complained of? There is much confusion among the authorities upon this proposition, but we call attention to the following cases which we believe state the correct principle. In the case of *Bucy* v. *Pitts Agricultural Works* (1893), 89 Iowa 464, 466, 56 N. W. 541, the court said: "The rule deducible from the authorities is that an implied and an express warranty may exist under the same contract, as when the expressed does not relate to the obligations created by the implied; but when the expressed warranty does provide as to the same obligation, it excludes the implied." Tiffany, Sales (2d ed.) 266 contains this language: "It seems, however, that, while an express warranty as a rule excludes an implied warranty on the same subject, it will not be held to have that effect if such does not appear to be the intention of the parties. 'It is true, that, as a general rule, no warranty will be implied where the parties have expressed in words the warranties by which they mean to be bound; but the rule does not extend to the exclusion of warranties implied by law where they are not excluded

Penn, etc., Glass Co. *v.* De La Vergne Mach. Co.—58 Ind. App. 333.

by the terms of the contract.' " See, also, *George E. Pew Co.* v. *Karley & Titensor* (1912), 154 Iowa 559, 134 N. W. 529; *Acme Harvesting Mach. Co.* v. *Gasperson* (1912), 168 Mo. App. 558, 153 S. W. 1069; *Edwards Mfg. Co.* v. *Stoops* (1913), 54 Ind. App. 361, 102 N. E. 980; *Main* v. *Dearing* (1905), 73 Ark. 470, 84 S. W. 640; *Ideal Heating Co.* v. *Kramer* (1905), 127 Iowa 137, 102 N. W. 840. It follows, therefore, that the court erred in sustaining a demurrer to the second and third paragraphs of answer, which averred an implied warranty of the plan and design of the machine, and a breach thereof.

Error was also committed in striking from the third paragraph of answer the items of special damages charged. It was likewise error to sustain the motion to strike out parts of the second paragraph of answer and set-off. Striking from this paragraph "exhibit A", which is the contract and specifications, was error upon any theory. It is also true that the pleading is made ambiguous with the parts stricken out. This is not the office of a motion to strike out. Bliss, Code Pleading §215. Many other questions are presented by very able briefs of counsel on both sides of the case, which we do not here consider, as we have indicated the court's opinion as to the controlling questions, and the other questions, largely of a technical character, may not arise in another trial.

For the error in sustaining the demurrer to the second and third paragraphs of answer and set-off, as well as for the other errors stated, the judgment is reversed.

NOTE.—Reported in 106 N. E. 722. As to the implied warranty of the fitness of a particular article purchased from the manufacturer for a particular use, see 22 L. R. A. 189, 15 L. R. A. (N. ѕ.) 855. On the question of whether express warranty as to the quality of an article to be manufactured excludes implied warranty, see 33 L. R. A. (N. S.) 508. See, also, under (1) 35 Cyc. 392, 408; (2) 35 Cyc. 392; (3) 35 Cyc. 609; (4) 31 Cyc. 643.