CASE 52—PETITION ORDINARY—MARCH 29.

# Wells vs. Boyd.

APPEAL FROM THE LEWIS CIRCUIT COURT.

1. A defendant cannot recover by way of counter claim, or upon a cross-petition, against a person not a plaintiff, on a claim which does not affect the plaintiff nor the subject-matter of his action. (*Civil Code, sec.* 126.)

2. A counter claim must be against the *plaintiffs* or some of them, and a cross-petition is allowable when the defendant has a cause of action affecting the subject-matter of the original action.

E. C. PHISTER and H. TAYTOR, for appellant, cited 18 *B. M.*, 225; 3 *Met.*, 221; 2 *Parsons on Contr.*, 486; *Civ. Code, secs.* 126, 127; 3 *Met.*, 323; 2 *Met.*, 144.

E. F. DULIN, for appellee, cited *Civ. Code, secs.* 126, 127, 117; 1 *Met.*, 485; 4 *Met.*, 58.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

William B. Preston by B. F. Preston, his next friend, brought his action ordinary against William Boyd, on a note executed to him by Boyd on the 29th of March, 1860, for one hundred dollars due twelve months thereafter.

Boyd answered and alleged that the note was executed for a part of the price of a jack, which he bought of the plaintiff at the price of $250, and that William E. Wells and the plaintiff, at the time of the execution of the note, executed to him a writing in which they warranted said jack to be a good performer and sure foal-getter, and alleged for a breach of the covenant of warranty that said jack was not a sure foal-getter, in consequence of which he was of little value; and that he had sustained damages to the amount of $250, which he pleaded as a counter claim to the demand sought to be recovered, and made the obligor Wells a defendant thereto.

To this counter claim, as it is styled by Boyd, the plaintiff pleaded *non est factum*, and, although there is no special verdict and judgment for him, *eo nomine*, yet, as he recovered judgment against Boyd in his suit upon the note, and as there is a verdict and judgment against Wells alone, in favor of Boyd, we will consider the plea of *non est factum*, relied upon by Preston, sustained.

To the proceeding against Wells he demurred, and, at the close of the evidence, he moved the court below to dismiss them. His demurrer and motion were both overruled, and a verdict and judgment having been rendered against him, and a motion for a new trial overruled, he has appealed to this court.

The first question for judicial determination is regarding the writing. As the covenant of Wells alone can it be made the foundation of a counter claim, and the judgment thereon be sustained?

Section 126, Civil Code, defines a counter claim to be a cause of action in favor of *the defendants, or some of them*, against the *plaintiffs, or some of them*, arising out of the contract or transactions set forth in the petition, as the foundation of the *plaintiff's* claim or connected with the subject of the action.

By any rational or legitimate construction which can be

given to the section *supra*, it must be understood as limiting the right to set up and rely upon a counter claim to the persons who are at the time defendants to the action, against those alone who are the then *plaintiffs*, or against those in whose name the action is brought, or some of them. And unless that construction be given to it, and adhered to, parties to actions might be increased to an indefinite number, and the subjects of litigation might become as various and as innumerable in the same action as the parties. A construction which would lead to such confusion cannot be indulged.

But it is insisted that the defense is sustainable by way of cross-petition. *A cross-petition may be allowed when a defendant has a cause of action affecting the subject-matter of the main or original action.*

The subject-matter of this action is the right of the plaintiff to collect and have from the defendant Boyd the amount of money which, by his note, he promised to pay; and that right *was not*, and *cannot* be, "*affected*" by any right Boyd had secured to him by reason of the covenant executed to him by Wells; and the two judgments in this case forcibly illustrate the correctness of that conclusion. Preston here recovered the amount of his note against Boyd, notwithstanding the litigation between Boyd and Wells; the subject-matter of his action being entirely unaffected by any cause of action which the defendant Boyd had against Wells; and Boyd got an independent judgment on his cause of action against Wells. Showing conclusively that Boyd's cause of action on the covenant of Wells was distinct from, and wholly independent of, Preston's cause of action against him; and he should have brought his original action thereon.

The proceeding against Wells cannot, therefore, be sustained as a counter claim, nor by way of cross-petition; and his motion to dismiss the same should have been sustained.

Wherefore, the judgment against Wells is reversed, and the cause remanded, with directions to dismiss the proceedings against him without prejudice.

This view of the case obviates the necessity of an inquiry into other questions presented.