## Commonwealth, For the Use of L. D. Potter v. Smedley, et al.

(Decided October 5, 1911.)

### Appeal from McCracken Circuit Court.

Costs—Taxation by Clerk—Sale of Real Estate—Redemption by Owner—Sheriff's Fees.—In an appeal from a judgment sustaining a demurrer to a petition in which appellant sought to recover of appellee and his bond $408.00, in which there were 204 parcels of real estate sold; in which a fee of $2.00 was fixed by the clerk for each parcel. Held, that the statute authorized the clerk to receive the purchase money from delinquents desiring to redeem their land, and as this $2.00, due the sheriff, was in each instance included in and a part of the purchase money, it came to the hand of the clerk by virtue of his office and the trial judge should have so held.

W. N. HUSBANDS for appellant.

MILLER & MILLER for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

This is an appeal from a judgment of the McCracken Circuit Court, sustaining a demurrer to a petition in

which the appellant sought to recover of the appellee and his bond $408. The facts out of which the litigation grows are as follows: L. D. Potter was sheriff of McCracken County during the years 1902, 1903, 1904 and 1905, and during said years he advertised and sold certain parcels of real estate for taxes. Of these parcels of real estate so sold it is charged that the owners of 204 parcels redeemed same by paying to the county clerk, appellee, the amount of the sale with interest and penalties. In each of the sums so paid was a fee of $2, taxed as costs for making the advertisement and sale by the sheriff. The ground upon which the demurrer was sustained is not stated, but counsel for appellee insists that the ruling of the trial court was correct for the twofold reason, first, that the plaintiff failed to state that the charge of $2 for advertising was included in the sale, and second, that there was and is no authority in law for the clerk to collect this $2 costs due the sheriff even if it was included in the sale, and hence his bond is not liable even though it was received by him. This latter seems to be the real ground upon which he relies to uphold the ruling of the trial court.

Section 4151, Kentucky Statutes 1903, which was the statute in force during the period covered by this litigation, after providing that real estate may be sold for taxes and after setting out certain preliminary steps to be taken by the sheriff, concludes, as follows:

"And in order to cover the cost of such advertisement and notification, the sheriff shall receive $2 from each person whose property is advertised, to be paid by the delinquent, but in no event to be paid by the State."

The petition alleges that on the —— day of November, 1902, certain owners of real estate in McCracken County, which had been duly assessed, had failed to pay the State and county taxes for the year 1902, and that it became his duty as sheriff, and he did, as such sheriff, duly advertise for sale, in the manner provided by law, such parcels of real estate upon which taxes for said year remained unpaid, and mailed to the delinquent owners of the property written notices of such sale, as required by statute, and, in pursuance of said advertisement and of the law governing such cases, he did, on the —— day of December, 1902, at the court house door in Paducah, Kentucky, offer for sale, as required by law, all such real estate; and no one offered to pay the amount of such

taxes and costs of such sale for said property or any part thereof; and said property was thereupon sold to the State of Kentucky in the manner provided by statute.

We are of opinion that this is a sufficient allegation that the $2 allowed the sheriff by section 4151 was included in the sale, and that the sale was made for the taxes, State, county and district, then due upon the property, and this cost. The amount which might be charged for costs was fixed at $2 for each person whose property was sold, and the allegation that it was offered and sold for the taxes due and the costs is sufficient upon this point.

The second point relied upon involves the construction of section 4152. This section provides that when the property is offered for sale "if no one will bid therefor the amount of taxes, the charges due and the cost of sale, including the cost of advertising, then it is the duty of the sheriff to purchase for the State for the amount of tax due, and the commission thereon, and to make return to the county clerk, who shall record the same in a book kept for that purpose and certify the same to the Auditor of Public Accounts." The section further provides that the owner, or his representatives, heirs or assigns, shall have the right to redeem the property from the State or any other purchaser at any time within two years from the date of sale, by paying the "purchase money," with interest at the rate of 30 per cent. per annum and 15 per cent. upon the total amount of the purchase price, and the amount of the clerk's costs, if any. The section further provides that, in the redemption of land sold to the State for delinquent taxes at any time within the period of two years after the sale, or until the revenue agent, under the direction of the Auditor, assumes charge of the collection, by sale or otherwise, "the county clerk is hereby vested with the authority to collect such delinquent taxes, interest and penalties as prescribed by law, and he shall make report thereof to the Auditor as often as the latter officer may require, and not less than once in every thirty days; and he shall pay into the treasury all moneys collected by him as herein authorized on the first day of every month, and oftener if required by the Auditor. Said report of the county clerk, showing the name of each owner and each piece of property redeemed, the year's taxes for which delinquent, the assessed valuation of the same for each year, and the total amount paid the State

for the redemption, shall be examined, by the judge of the county court, and if found correct, certified to the Auditor, together with the total sum due the State as shown on said report, less five per cent. commission for the collection, which shall go to the county clerk.

For appellee it is insisted that, inasmuch as the county clerk is, under the express language of this statute, authorized and empowered only to collect "such delinquent taxes, interest and penalties as prescribed by law," therefore he was without authority to collect the costs due the sheriff.

For the appellant it is urged that the statute should not be given so narrow a construction as to permit an officer of the court to collect costs and escape liability on the ground that the payment to him was unauthorized, unless such construction cannot be avoided. The statute must be read as a whole, and each portion of the act so construed as to make it harmonize with other parts thereof. The act clearly provides that the sale of the delinquent real estate shall be made, not only for the taxes then due thereon, but for the cost of advertising as well. It further provides that when property has been so sold for the taxes and cost of advertising, the owner thereof, or his representative, may redeem it by paying, not the taxes alone, but the purchase money, with interest and an added penalty. He is given two years within which to do this, and in the event that he desires to redeem it within this time, unless the revenue agent, acting under the direction of the Auditor, has undertaken its collection, the owner must go to the county court clerk and make payment to him, and the county clerk is expressly authorized to receive from the delinquent such sum as will enable him to redeem his property. Now, this necessarily carries with it everything that was included in the sale, for there can be no redemption except by the payment of the purchase money. If it be held that the clerk was not authorized to receive anything other than the taxes due the State, county and district, with interest and penalties, then no delinquent could redeem his property by making payment to the county clerk. Such clearly was not the intent, nor is it a fair and reasonable construction of the statute. When the statute says that the property may be redeemed by the payment of the "purchase price" with interest and penalties, and that the clerk is vested with authority to collect such delinquent taxes, interest

and penalties, as prescribed by law, it necessarily means that the collection must be made in such a way as to enable the delinquent to redeem his property. In defining the clerk's duties it will be observed that it is nowhere said that he shall collect the twenty-five cents taxed costs allowed him for filing the report of the sale made by the sheriff to him, and yet his right to do so could hardly be questioned.

The statute should not be given such a construction as to render its provisions difficult of enforcement. On the contrary, where it is susceptible of a dual construction, that construction should be adopted which will render it operative and carry out the evident legislative intent. If one construction could be adopted which would defeat the sheriff in the collection of his claim, and another which would enable him to collect it, the latter construction should be adopted.

We are of opinion that the statute in question expressly authorized the clerk to receive the purchase money from delinquents desiring to redeem their land, and as this $2 due the sheriff was in each instance included in and a part of the "purchase money," it came to the hands of the clerk by virtue of his office. The trial judge should have so held.

Judgment reversed and cause remanded, with instructions to overrule the demurrer.