## Dugan v. Logan et al.

## Same v. Natural Rock Asphalt Corporation.

(Decided March 8, 1929.)

6

HITE H. HUFFAKER, WALTER P. LINCOLN and RODES & HARLIN for appellant.

M. M. LOGAN and B. M. VINCENT for appellees.

SANDIDGE & SANDIDGE and MILTON CLARK for appellee Natural Rock Asphalt Corporation of Delaware.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This action was brought on February 28, 1924, by the appellees, M. M. Logan, J. A. Siedle, and Sallie E. Martin, against the appellant, Thomas S. Dugan, to quiet their title to certain mineral rights in 175 acres of land in Edmonson county. It was averred in the petition that the plaintiffs were the owners of the mineral rights in the land, and that on April 5, 1922, the master commissioner of the Grayson circuit court conveyed the land to the defendant without reserving the mineral rights; that the commissioner's deed was executed without authority and was void, and was a cloud upon plaintiffs' title.

The defendant filed an answer and counterclaim, which was in two paragraphs. The first paragraph was a traverse. In the second paragraph it was averred that the defendant was the owner of five tracts of land, one tract containing 500 acres, two tracts 100 acres each, and two tracts containing together 200 acres, these tracts being in addition to the 175-acre tract described in the petition, and that the plaintiffs were asserting claims to these five tracts of land and by way of counterclaim he sought to have his title thereto quieted. Thereafter he withdrew paragraph 2 of his answer and counterclaim, and filed an amended answer, counterclaim, and cross-petition. He sought to make this pleading a cross-petition against a number of new parties, namely, Natural Rock Asphalt Corporation of Delaware, Rock Asphalt

Company of America, Premier Asphalt Company of West Virginia, H. L. Overall, W. R. Owen, and W. E. Massey. In paragraph 3 of this pleading it was averred that the defendant was the owner of the same five tracts of land which had been described in the two paragraphs of the original answer, and that the plaintiffs and cross-defendants were claiming the mineral rights in these five tracts of land under a deed of conveyance from the Chicago Title & Trust Company, trustee in bankruptcy of the Federal Asphalt Company, made to Samuel R. Jenkins, and also under certain tax deeds.

The cross-defendant Natural Rock Asphalt Corporation filed a motion to strike out paragraph 3 of the amended answer, counterclaim, and cross-petition, because the cause of action attempted to be set out did not affect and was not affected by, the original cause of action set up in the petition. All of the cross-defendants filed a joint demurrer to the third paragraph of this pleading, and the motion to strike and the demurrer were sustained by the court, and a judgment was entered dismissing the cross-petition. Thereafter the case proceeded on issues made between the original plaintiffs and the defendant Dugan, and upon a submission of the case judgment was entered quieting plaintiffs' title to the mineral rights in the 175 acres of land, and the defendant has appealed from that judgment, and also from the judgment dismissing the cross-petition.

It appears that the five tracts of land described in the cross-petition are entirely separate and distinct from the 175 acres mentioned in the original petition, and are located in a different section of the county. Some of the parties made cross-defendants were claiming an interest in one tract, some in another, and it further appears that the deed made by the Chicago Title & Trust Company, trustee in bankruptcy, conveyed 66 separate tracts of land, located in Edmonson, Grayson, and Hardin counties, and that the defendant Dugan is claiming 42 of these tracts. The cross-petition did not affect the subject-matter of the litigation then pending. Furthermore, various claimants to these tracts may have had wholly different defenses, and, if so, it would be impracticable to make all of them parties to one action. Whether or not a cross-petition shall be prosecuted in an action is a matter of discretion in the circuit judge, and we are of the opinion that he properly exercised that discretion in

this case in dismissing the cross-petition, and that judgment is affirmed. Howard v. Jones, 147 Ky. 303, 143 S. W. 1058; Wahl v. Lockwood & Gasser, 227 Ky. 183, 12 S. W. (2d) 321.

To properly understand the issues between the original plaintiffs and the defendant Dugan, it will be necessary to give a brief history of the various conveyances under which each party is claiming title to the land.

About the year 1886, William L. Breyfogle, an eminent physician, who resided in New Albany, Ind., but practiced his profession in the city of Louisville, Ky., and who was also a prominent financier, became interested in rock asphalt, about which little was known at that time. Foreseeing the uses to which this mineral would be put, and realizing its potential merits as a commercial product, he employed a geologist to explore for the mineral in Edmonson and adjoining counties, and during the years 1887, 1888, and 1889, Dr. Breyfogle acquired by purchase the mineral rights underlying over 6,000 acres of land in Edmonson, Grayson, and Hardin counties. These mineral rights were conveyed to him by numerous deeds, which were recorded in the respective counties. In 1891 he organized a corporation known as the American Bituminous Rock Company, to which he conveyed a portion of these lands. About the time it acquired the property, the American Bituminous Rock Company executed a mortgage to the Kentucky Trust Company, as trustee, on all of its property, to secure the payment of an issue of bonds of the par value of $100,000. It seems that both the stock of the corporation and the bonds were held by Dr. Breyfogle. On July 15, 1901, the American Bituminous Rock Company sold all of its property to the Federal Asphalt Company, and as part of the consideration the latter company assumed the mortgage debt to the Kentucky Trust Company. In 1904 the Federal Asphalt Company was adjudged a bankrupt by the District Court of the United States for the Northern District of Illinois. Ancillary proceedings were had in the United States Court for the Western District of Kentucky, but the exact nature of these proceedings does not appear.

On April 12, 1904, the Chicago Title & Trust Company was elected trustee in bankruptcy, and on March 24, 1905, it filed a petition in the bankruptcy court, setting forth that it was in possession of all of the property

owned by the bankrupt at the time of the adjudication; that the bankrupt at that time had an asphalt mine in operation on its Kentucky property, which the trustee had operated under orders of the bankruptcy court, and that it had issued $8,000 of trustee's certificates under direction of the court, for the purpose of financing such operation; that the property consisted of a stock of merchandise, and certain lands and mineral rights in Edmonson, Hardin, and Grayson counties, consisting of 66 tracts in all; that the bankrupt had purchased the property from the American Bituminous Rock Company, and had assumed a mortgage indebtedness of $100,000, and it asked for an order of the court directing all of the property to be sold by the trustee, and asked the direction of the court as to whether the property should be sold subject to such mortgage lien or free of such lien. The lien of the holders of the $100,000 of bonds covered the entire property of the bankrupt, both real and personal.

A creditors' meeting was called by the referee in bankruptcy, and notices of this meeting were mailed to all scheduled creditors. H. H. Huffaker had succeeded the Kentucky Trust Company as trustee for the bondholders, and was scheduled as one of the creditors. One of the notices was mailed to him. After the hearing an order was made by the referee in bankruptcy, directing the trustee to sell the property. The property was offered both free of liens and subject to liens. The sale was advertised and sealed bids received, and the Assets Realization Corporation was reported by the trustee as the best bidder, and its bid was accepted by the court and the sale confirmed. The sale was made free of liens. The Assets Realization Corporation assigned its bid to Samuel R. Jenkins, and the trustee in bankruptcy of the Federal Asphalt Company executed a deed to Jenkins. By mesne conveyances Jenkins' title has passed to the plaintiffs.

The defendant Dugan claims title under a deed made to him by the master commissioner of the Grayson circuit court. On July 8, 1905, after the property of the Federal Asphalt Company had been sold free of liens by the trustee in bankruptcy, H. H. Huffaker, trustee for the bondholders, brought suit in the Grayson circuit court against the American Bituminous Rock Company, the Federal Asphalt Company, Chicago Title & Trust Company, trustee in bankruptcy of the Federal Asphalt Com-

pany, the American Trust & Savings Bank, and the Assets Realization Corporation to enforce the mortgage lien securing the bonds, for the owners of which he was acting as trustee. The defendants were proceeded against by warning order, and on April 17, 1906, a default judgment was rendered directing a sale of the property, or so much thereof as might be necessary to satisfy the plaintiff's debt, interest, and costs, and adjudging that any claims of the Chicago Title & Trust Company as trustee in bankruptcy of the Federal Asphalt Company and its vendee, the Assets Realization Corporation, were subordinate to the rights of Huffaker, trustee. No sale was then had under the judgment, but the case remained on the docket of the Grayson circuit court until 1914, when an order was entered striking it from the docket on the motion of the plaintiff in that action. Thereafter the action was reinstated on the docket, and a new master commissioner appointed to make the sale. The sale was made by the commissioner on May 23, 1921. The appellant, Thomas S. Dugan, was the purchaser at that sale, and on April 5, 1922, the master commissioner of the Grayson circuit court executed to him a deed to the land sold, which included the land here in controversy.

In addition to the chain of title from the Chicago Title & Trust Company, trustee in bankruptcy of the Federal Asphalt Company, the plaintiffs rely on two other sources of title: (1) A tax deed made by the sheriff of Edmonson county; and (2) a deed of the master commissioner of the Edmonson circuit court in a suit instituted in 1908, by the commonwealth against W. L. Breyfogle, and those claiming through and under him, for the purpose of having the property forfeited to the commonwealth of Kentucky as provided for in section 4076b, Kentucky Statutes. Since we have concluded that the sale of the property free of liens by the Chicago Title & Trust Company, trustee in bankruptcy, was valid, and consequently defendant Dugan could have acquired no title by the commissioner's deed, under which he claims, it is unnecessary to consider the other sources of title upon which plaintiffs rely.

The appellant claims that the bankruptcy court in Illinois was wholly without any jurisdiction over the land mortgaged by the American Bituminous Rock Company, and that the sole jurisdiction to enforce the mortgage lay in the courts of Kentucky, while the appellees

claim that the purchaser at the time of the bankruptcy sale took title to all the property owned by the bankrupt, Federal Asphalt Company, including the lands mortgaged by the American Bituminous Rock Company to the Kentucky Trust Company, trustee.

The trustee in bankruptcy sold the property pursuant to an order of the bankruptcy court, and reported its acts to the court on June 24, 1905. The sale was confirmed, and on June 29, 1905, the trustee was directed to execute and deliver a deed to the purchaser of the property, which it did on July 1, 1905. This deed was lodged for record in the office of the Grayson county clerk on July 8, 1905, and in the office of the Edmonson county clerk on July 23, 1905.

Appellant insists that the lienholder was an adverse claimant, and that without the consent of the lienholder, or actual possession of the property in lien, the bankruptcy court was without jurisdiction to determine in a summary proceeding the questions as to the lien, and that its action in selling the property free of liens was void. There was no question as to the validity of the mortgage, and consequently the lienholder was not an adverse claimant. He was not in possession of the property, nor was he entitled to possession. On the other hand, the trustee in bankruptcy was in both the actual and constructive possession of the property. Title to a bankrupt's property passes to the trustee, and all property owned by the bankrupt, not in the possession of an adverse claimant, is brought within the custody of the court of bankruptcy, and that court has jurisdiction of the property. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; U. S. Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055; Robertson v. Howard, 229 U. S. 254, 33 S. Ct. 854, 57 L. Ed. 1174; T. E. Wells & Co. v. Sharp (C. C. A.) 208 F. 393; Hurley v. Devlin (D. C.) 151 F. 919; Thomas v. Woods (C. C. A.) 173 F. 585, 26 L. R. A. (N. S.) 1180, 19 Ann. Cas. 1080; In re Granite City Bank (C. C. A.) 137 F. 820; In re North Star Ice & Coal Co. (D. C.) 252 F. 301; Cohen v. Nixon & Wright (D. C.) 236 F. 407; In re Wilka (D. C.) 131 F. 1004.

Here the trustee took actual possession of the bankrupt's property, in so far as that was possible, and operated the asphalt mines for nearly a year. Where property of a bankrupt is not in the possession of an adverse

claimant, and passes to the trustee, the bankruptcy court has jurisdiction to determine questions of liens thereon, and may do so in a summary proceeding. Security Mortgage Co. v. Powers, 276 U. S. 610, 49 S. Ct. 214, 72 L. Ed. 730; Board of Trade of City of Chicago v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 68 L. Ed. 533; Taubel, etc., Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327; In re Friedman Bros. (D. C.) 19 F. (2d) 243; In re Midland Oil Co. (C. C. A.) 3 F. (2d) 112; In re John Minnec Association (C. C. A.) 1 F. (2d) 317; In re Oswegatchie Chemical Products Corporation (C. C. A.) 279 F. 547, certiorari denied Abbot Factory v. Bancroft, 259 U. S. 580, 42 S. Ct. 464, 66 L. Ed. 1073.

It is argued that the bankruptcy court was not authorized to order a sale of the property free of liens, when it was apparent the probable sale price would not satisfy the liens. A court of bankruptcy may sell property in its custody free of liens, and the liens will attach to the proceeds. Ordinarily a bankruptcy court will not administer property burdened with liens, where it is manifest the property will sell for less than the liens, but that is a matter within the discretion of the court, and if it abuses that discretion its action is not void, but erroneous, and the claiming lienholder must seek to set aside such action in the bankruptcy proceeding. In re United Realty & Homebuilders' Corporation (D. C.) 27 F. (2d) 138; In re National Grain Corporation (C. C. A.) 9 F. (2d) 802; In re Dyer (D. C.) 8 F. (2d) 376; In re North Star Ice & Coal Co. (D. C.) 252 F. 301; In re Howard (D. C.) 207 F. 402; In re Torchia (D. C.) 185 F. 576; Equitable Trust Co. of New York v. Vanderbilt Realty Improvement Co., 155 App. Div. 723, 140 N. Y. S. 1008.

Some reference is made to the fact that H. H. Huffaker, trustee for the bondholders, represented the creditors interested and was the proper party to be notified, and that no notices of the various steps in the bankruptcy proceedings were mailed to him as such trustee. The notices were mailed to H. H. Huffaker, Louisville, Ky. He was not a creditor of the bankrupt, and the only interest he had was as trustee for the bondholders. The notice of the meeting of the creditors to consider the proposed sale of the property referred to the incumbrances thereon, and notice to H. H. Huffaker was notice to him as trustee, the only capacity in which he was interested.

Furthermore, the pleadings filed by him shortly thereafter in the Grayson circuit court disclose that he had actual notice and was fully informed as to all proceedings had in the bankruptcy court. Section 58a of the Bankruptcy Act (U. S. Compiled Statutes, sec. 9642); 11 USCA sec. 94(a), (4), provides that "creditors shall have at least ten days' notice by mail of . . . (4) all proposed sales of property." Notice served on a creditor in the manner provided for by the act is sufficient. McRaney v. Riley, 128 Miss. 665, 91 So. 399, 22 A. L. R. 685, certiorari denied Riley v. McRaney, 260 U. S. 727, 43 S. Ct. 90, 67 L. Ed. 484; Hanover National Bank v. Moyses, 186 U. S. 181, 22 S. Ct. 857, 46 L. Ed. 1113; In re Lake Champlain Pulp, etc., Corporation (D. C.) 20 F. (2d) 425.

We conclude that the deed of the Chicago Title & Trust Company, trustee in bankruptcy, to Samuel R. Jenkins, under which appellees claim, was valid, and that the judgment of the lower court quieting their title to the land in question was proper.

Judgment affirmed.