## Ashland Supply Co. v. Northwest Engineering Co.

(Decided Dec. 14, 1934.)

WOODS, STEWART & NICKELL for appellant.

DYSARD & TINSLEY and MYERS & HOWARD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal brings before us for review the propriety of a judgment of the Boyd circuit court, awarding the Northwest Engineering Company the relief by its petition prayed for, and directing the dismissal of defendant's counterclaim, whereby it sought to avoid liability upon its purchase-money notes sued for, by counterclaiming for damages alleged suffered by it through the appellant's claimed breach of sale contract in having sold it a gasoline shovel defective in its material and operation.

The facts are that in October, 1931, the appellee, Northwest Engineering Company, hereinafter referred to as seller or plaintiff, entered into a conditional sale contract with the appellant, Ashland Supply Company, hereinafter referred to as buyer or defendant, whereby it sold to the defendant one "Northwest model 105" gasoline operated shovel, expressly guaranteed as to workmanship and material, for the sum of $13,850. On this amount a credit was allowed of $4,150 for a shovel owned and traded in by the defendant, and for the remaining $9,700 the defendant then executed and delivered to plaintiff its certain fifteen promissory notes by the terms of which it promised to pay in monthly succession the sum of $646.67, with interest, until the full purchase price was paid. The contract further provided that, upon the failure of purchaser to make any of these payments as stipulated for, all unpaid installments should thereupon become due and payable, and, further, that the seller might in such instance repossess the shovel, title to which it was provided should remain in seller until the entire purchase price was paid.

Further it appears that on April 15, 1932, the defendant having defaulted in the payment of the notes—precipitating their maturity and making all then payable—and the shovel, here involved, being then in Kenton county and used therein, plaintiff instituted action in the circuit court thereof, under title 8, chapter 2, of the Civil Code of Practice (section 180 et seq.) and the sheriff of said county, under said proceeding and an order of delivery issued therein, took said shovel into possession. The defendant in that action entered no defense other than filing a special demurrer challenging the jurisdiction of the Kenton circuit court. Later in April, and while such continued to be the situation of the parties with respect to the seller's having possession of the shovel, the defendant wrote and delivered to plaintiff the following order:

"Northwest Engineering Co., Mr. U. J. Howard, Attorney, Covington, Kentucky.

"Dear Sir: In consideration of your releasing the Northwestern gasoline one and one quarter yard shovel which you have taken into your possession under the claim and delivery suit, pending in the Kenton Circuit Court and being No. 33981, the undersigned hereby agrees to pay to you on May 20, 1932, two of the notes on account of the purchase price of said shovel now due and will on the 20th day of each month thereafter, pay two additional notes until the notes due under the schedule in the original contract of purchase have been met and thereafter, monthly on the 20th day of the month, will pay to you one of said notes until the entire purchase price of said shovel is paid.

"It is understood that the claim and delivery suit referred to and pending in the Kenton Circuit Court shall pend upon the plea to the jurisdiction of the Court during such time as the payments herein provided for are made.

"The amounts payable hereunder to be paid to you at the times agreed upon on the delivery by you to me of the notes severally maturing, or to be paid to such Bank as you or either of you may indicate.

"Very truly yours,

"Ashland Supply Company
"By Oliver M. Elam, President."

Defendant's offer of compromise thus submitted was accepted by plaintiff and in accord with its named condition the gasoline shovel was immediately released by it and its possession restored to defendant in consideration of defendant's new promise made by the writing that it would, for its return, pay the plaintiff all the remaining unpaid notes or balance of purchase money owing by it to plaintiff thereon.

Thereafter, in April, 1933, the defendant having thus, under such new agreement, secured the use and possession of the released shovel for about a year, but having failed to keep or perform its promise, given in consideration thereof, to pay the notes or balance of purchase money owing therefor, the plaintiff instituted this action in the Boyd circuit court, wherein it alleged that, of the fifteen notes executed by defendant to it for the purchase price of the shovel, only eight of them had been paid, leaving then remaining unpaid and owing it seven of said series of notes, which were all past due and unpaid, though demand therefor had been repeatedly made upon defendant. It further set out that the sale contract provided, among other things, that, ''upon failure of the buyer to make any of the payments as stipulated herein * * * all unpaid installments shall immediately become due and payable, and the seller may repossess itself of said property wherever the same may be found, without making demand therefor,'' etc. It filed and made said contract a part of its petition, which concluded with prayer for an order of delivery and sale of the shovel and a judgment against the defendant for damages for its wrongful detention.

The defendant pleaded thereto, and by its second amended answer and counterclaim (demurrers having been filed and sustained to the first two of such pleadings) readopted and amplified its allegations, counterclaiming for damages caused it by reason of the claimed defects in the shovel, in breach of the contract warranty thereof as to its material, workmanship and operation. Plaintiff's demurrer to this pleading was sustained as to the first, but overruled as to this, the second paragraph. Thereupon the plaintiff filed reply, by the third paragraph of which it pleaded this earlier agreement of April 25, 1932, had between the parties, whereby the defendant had agreed and promised to pay plaintiff its said notes, or balance of purchase money due and owing on said shovel, made at

a time when it then knew and had full notice and knowledge of the claimed defects in it, and of any and all damage, if any, it had sustained because of such alleged defects, but that it had, notwithstanding knowledge thereof, then agreed and promised to pay plaintiff the full amount of said unpaid notes in consideration of the plaintiff's release of said shovel from its said claim and delivery action and order and its immediate restoration to defendant. Further, it pleaded that, by reason of such agreement, the defendant had secured from plaintiff the possession of the shovel in consideration of defendant's promise to pay the full balance of the purchase money due and owing thereon, and that defendant, in so promising under such conditions, had waived any claim for damages it then had or might have counterclaimed for against plaintiff on account of any such alleged defect in the material or operation of the shovel, and that defendant was now estopped thereby to assert by counterclaim against plaintiff in this action any claim for damages by reason thereof.

Appellant's demurrer to the reply was overruled as to this, its third paragraph, pleading such waiver by and estoppel of the defendant, whereupon, the latter declining to plead further, judgment was rendered awarding plaintiff the relief asked and dismissing appellant's counterclaim.

Complaining of the propriety of the trial court's ruling in this, the defendant appeals, contending that the court erred in overruling its demurrer to said paragraph of the reply pleading waiver by such agreement and estoppel to counterclaim. It argues and insists that, as its pleaded counterclaim was based on the appellee's breach of warranty of the gasoline shovel sold it, it had the right, under section 17 of the Civil Code of Practice, either to have answered and counterclaimed for damages in said earlier Kenton county suit against plaintiff or to have let judgment go therein and have filed an independent action for recovery of such damages claimed to have arisen in the shovel transaction because of the seller's breach of their sale and purchase contract therefor. It argues that, inasmuch as its alleged counterclaim for breach of warranty does not undermine appellee's cause of action asserted in the Kenton circuit court, wherein it made no defense or answer, but only pleaded by special demurrer to the court's jurisdiction, its later promise to pay the unpaid

notes had no bearing on nor was a waiver of its counterclaim, in that the position of appellee was not altered or changed thereby; that under such conditions the provisions of section 17 of the Civil Code of Practice authorize rather than bar appellant's assertion of its rights by counterclaim in this action; that the judgment of the Kenton circuit court in giving appellee the possession of the gasoline shovel, where its counterclaim was not pleaded, was not a bar to appellant's right to here litigate its claim for breach of warranty of said shovel; and that the payment of the consideration for the shovel would not bar an independent action to recover the damage suffered on the ground alleged in the counterclaim, in that such counterclaim therefor constituted an independent cause of action, which appellant had a right to litigate either as a counterclaim or by independent action. Therefore, appellant insists, for the reasons thus urged, the court prejudicially erred in overruling its demurrer to the reply pleading that it was estopped to counterclaim. However we do not feel called upon to here discuss this question, which, in view of our conclusion reached as to what is the issue here, it becomes one that is not here involved but of objectionable generality. Appellant's demurrer to the reply, pleading its new promise to pay, challenged the sufficiency of the facts pleaded to constitute a defense to appellant's right to thereafter counterclaim for damages, so we are of the opinion that the question thus presented and decided by the lower court is whether or not the appellant did, by this writing and the facts pleaded and relied on in the reply as an estoppel, waive the right to assert by counterclaim in this action any claim or defense it might have originally had to the notes, and that this is the only question before us, even though the appellant argues that his later agreement to pay notes already given does not bar an action on a counterclaim growing out of the transaction for which the notes were executed when suit is brought on the notes. In determining whether or not the appellant did, by reason of its new agreement made with appellee in April, 1932, estop itself from pleading by counterclaim or independent action such right, if any, as it originally then had to damages for plaintiff's alleged breach of warranty, it is to be noted that by this agreement the appellant did, for a good and valid consideration, promise that it would thereafter pay, at the extended times stated, not the amount of the notes, less a credit thereon for defects in the shovel, but would pay

all the unpaid balance owing upon the shovel, without respect to a counterclaim allowance, if the appellee would release and then restore to it the possession of the gasoline shovel, in order that appellant might secure the benefit of immediately proceeding with certain highway construction upon which it was then engaged. It is admitted that appellant, at the time of making this offer to pay the entire balance due and owing by it upon the shovel, was then advised or had full knowledge of the claimed defective condition of the shovel and of its then resulting right to counterclaim for damages because of such alleged breach of the sale contract's warranty against defects in the shovel, so it must be taken to have waived the right to counterclaim therefor, where it nonetheless, while possessing such knowledge, elected not to then assert it, as a defense upon the notes sued for, but promised to pay the full amount thereof or the full balance owing upon the shovel, regardless of any right to counterclaim for damages it might have then possessed for the then present advantage it sought of obtaining through such implied waiver and promise the appellee's immediate restoration of the shovel to it.

This written offer thus made by appellant to pay the full amount of the notes then remaining unpaid and owing on the purchase price of the shovel, in consideration of securing from the appellee the immediate return of its possession, was accepted by appellee upon the terms stated and the shovel at once restored to appellant. The appellant having thus secured by this valid contract its desired possession of the shovel upon its promise to pay the full amount owing thereon, it should not now, after receiving the agreed consideration so bargained for, when it has failed itself to carry out its promise to pay the balance owing upon the shovel, be allowed to repudiate or defeat appellee's right to compel defendant's due performance of its promise, by reviving and urging against appellee's claim therefor any earlier claim it might have originally had for damages. Such is the general rule and principle of the law as often announced by this court and those of other jurisdictions generally.

To such effect was this principle announced in Fletcher American Co. v. Culbertson, 215 Ky. 695, 286 S. W. 984, 986, that:

"The rule is well established, even where the renewal is between the same parties, that the defense

of fraud in the obtaining of the original note cannot be made when the renewal was executed with knowledge of the fraud or with knowledge of such facts as should have put the maker upon inquiry.''

Also, in McCormick Harvesting Machine Co. v. Yoeman, 26 Ind. App. 415, 59 N. E. 1069, wherein it appears the facts are very similar to those here pleaded, the court said:

"It is the settled law in this state that where the maker of a promissory note agrees with the payee that, if the latter will extend the time of payment for a definite time, he will pay the same at the expiration of said period, and the time is so extended, such promise of the maker constitutes a new contract, binding in law, and capable of enforcement, though the maker may have had a good defense to such note before the agreement to extend was made."

Again was such stated as the applicable rule upon the very analogous facts found in Stewart v. Simon et al., 111 Ark. 358, 163 S. W. 1135, 1136. Ann. Cas. 1916A, 825, where the court said:

"The note in suit was executed by appellees to W. R. Stewart April 1, 1907, in renewal of one of the notes of the former series. This was long after the defects in the building were discovered by appellees, and a considerable amount expended in repairing the same. * * *

"The rule of law thus announced is the correct one, we think, for knowledge on the part of the maker of the note at the time the renewal is executed introduces the element of estoppel, which amounts to a waiver of the defense of failure of consideration which was theretofore open to him."

See, also, Guhy v. Nichols & Shepherd Co., 109 S. W. 1190, 33 Ky. Law Rep. 237.

In Fitzpatrick v. Flannagan, 106 U. S. 648, 660, 1 S. Ct. 369, 379, 27 L. Ed. 211, the court thus stated the rule:

"A subsequent promise, with full knowledge of the facts, is certainly equivalent to an original promise made under similar circumstances, and no one, acting with full knowledge, can justly say that he has been deceived by false representations. Volenti non fit injuria."

In the light of this well-settled rule and clearly applicable legal principles supporting it, we are constrained to conclude that, its being here admitted and by writing shown that the appellant did, with full knowledge as to the existence of the claimed defects in the purchased shovel, promise to pay at an extended time or new maturities the full amount of the remaining notes due and owing upon the purchased shovel in consideration of the seller's restoring its immediate use to it, it constituted a sufficient and effective estoppel or waiver by the appellant of any and all right to counterclaim, or to claim damages by reason of such then known defects in the shovel. Such being true, it must follow that the trial court in overruling appellant's demurrer to the reply so pleading did not err, but correctly so overruled it.

Therefore, its judgment so holding being in accord with our views as herein expressed, it must be, and it is, affirmed.