## Black Motor Co. et al. v. Call.
(Decided May 1, 1936.)

GRANNIS BACH for appellants.

A. H. PATTON for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing in part and affirming in part.

This case comes before us upon the application of the Black Motor Company and the General Motors Acceptance Corporation for an appeal from a judgment of the Breathitt circuit court.

In May, 1933, the appellant General Motors Acceptance Corporation, hereinafter referred to as the acceptance corporation, filed an action in equity in the Breathitt Circuit court against J. M. Call, wherein it alleged that in October, 1931, the defendant J. M. Call had bought of the Black Motor Company a certain described automobile under a conditional sales contract, which he then signed and delivered to seller, whereby he agreed to pay some eighteen monthly installments, amounting to about $1,000, as the remainder of the purchase price due on the car; that simultaneously with the execution of the seller's contract and the installment notes therein contained, the same were indorsed and transferred by seller, for a valuable consideration, over to plaintiff, the General Motors Acceptance Corporation; and that in December, 1932, following, the defendant, finding it difficult to pay the monthly installments in the stated amounts promised, entered into a supplemental agreement with plaintiff, by which it was agreed he was to pay the then amount owing it of $419 in smaller monthly installments, but that the sales contract, except for the extension agreement, remained the same.

Following the making of this extension agreement, the defendant, in March, 1933, when he had reduced his indebtedness owing the acceptance corporation to the sum of $339, notified it that inasmuch as the Black Motor Company had breached its contract of sale with

him, by delivering him a used or secondhand car, when it had contracted to sell him a new one of the named description, and had failed, after repeated demands, to make him any adjustment therefor, he would make no further installment payments to it on the contract, but would let the acceptance corporation sue therefor, to the end that he might get the whole matter of his indebtedness and damage due him on his contract adjusted in the one suit.

This action was thereupon accordingly brought by the acceptance corporation in May, 1933, wherein it alleged the facts substantially as above set out and stated the defendant Call was then in arrears in payment of his monthly installments and was at that time owing it the amount of $339 upon the supplemental contract and that, in accordance with the provisions of the contract, it elected, by reason of the default, to treat the entire debt owing as due and was further, as the innocent purchaser of the car notes executed thereunder, entitled to recover possession of the car and its sale for the satisfaction of the amount stated.

To the petition, defendant filed answer, counterclaim, and cross-petition, by which he admitted his purchase of the car in question from the Black Motor Company and his execution of the negotiable installment notes and conditional sales contract to seller therefor, and the latter's indorsement thereof over to plaintiff, but affirmatively pleaded that the contract and notes so executed were by the seller indorsed over to plaintiff simultaneously with their execution for the purpose of defeating defendant's recovery of damages from seller for seller's breach of the sales contract, by its delivering him a used rather than a new car of the kind contracted for, and with the view of trying out in plaintiff's action also the question of his claim against the Black Motor Company, he alleged that it was a necessary party to the action and sought to make it a party defendant thereto by making his answer a cross-petition against it.

The Black Motor Company filed special demurrer thereto, contending that the defendant Call could not maintain a cross-petition against it in plaintiff's action, which did not affect it, nor was by it affected.

This special demurrer was overruled and the Black Motor Company ordered, upon defendant's motion, to be made a party defendant to the action.

Following pleadings made up the issues, when the cause, upon defendant's motion, was transferred to the ordinary docket for the trial of the issues made by the pleadings.

Upon trial, at the conclusion of defendant's evidence, the court peremptorily instructed the jury to find for plaintiff, which was accordingly done, when the court adjudged thereon that plaintiff recover the amount of $339 sued for, interest and costs, and other relief as prayed for.

A like motion for a peremptory instruction was made by the defendant Black Motor Company and refused.

Upon the conclusion of the conflicting evidence heard upon the issue prosecuted upon the cross-petition against the Black Motor Company as to its liability for the alleged breach of its contract had with buyer to sell him a new car, rather than the used one claimed to have been delivered buyer, the jury, under the instructions of the court, found a verdict awarding damages to the defendant Call in the sum of $200, upon which verdict the court thereupon adjudged that the defendant Call recover of the Black Motor Company the said sum of $200, with interest from March 12, 1933, until paid and costs, and further adjudged that the said $200 recovered as damages should go as a credit on the judgment recovered by the General Motors Acceptance Corporation, to which it excepted.

Motion and grounds of the Black Motor Company for a new trial having been overruled, to which it excepted, it has here moved for an appeal, as has also the acceptance corporation.

The appellant General Motors Acceptance Corporation insists that the court erred: (1) In adjudging that defendant Call's recovery, upon his cross-petition, of damages in the sum of $200 against the Black Motor Company be entered as a credit upon plaintiff's judgment for $339 recovered against Call; and (2) in permitting the defendant Call to try out his damage suit

against the Black Motor Company by cross-petition in this action.

The appellant Black Motor Company, also asking an appeal, insists that the court erred: (1) In refusing it a peremptory instruction against Call; (2) in overruling its special demurrer to defendant Call's answer and cross-petition; (3) that the verdict of the jury is not sustained by the evidence and is contrary to law; and (4) in permitting Call to try out his claim, for alleged breach of contract, by cross-petition in this action.

Turning now our attention to the acceptance corporation's first assignment of error, it would appear sufficient answer to say that, inasmuch as the appellant acceptance corporation's action was one upon defendant Call's negotiable promissory notes of which it was alleged and shown to be an innocent purchaser for value before maturity, it was entitled to recover thereon the amount admitted owing thereon by the maker, free from any claim of the maker as to damages owing him by another for an alleged breach of the sales contract for which the notes sued on were given. Especially is this here true, for the reason that, even were the notes sued on to be considered as originally a part of the conditional sales contract and the maker's liability therefor affected by the terms and conditions of the contract, operating to deny plaintiff the status and rights of an innocent purchaser for value thereof, all claim of defensive equities against plaintiff as the holder of defendant's notes disappeared when the maker of the notes, with full knowledge of the claimed breach of the sales contract, thereafter made a supplemental agreement with plaintiff whereby, waiving his claim to damages as a right of set off against his purchase notes, he executed new notes, by which he promised to pay the full amount of the remaining price owing, as evidenced by the notes sued on. Ashland Supply Co. v. Northwest Engineering Co., 256 Ky. 770, 77 S. W. (2d) 41.

Under such circumstances, it is clear that plaintiff was entitled to recover against the defendant maker of the notes the amount owing thereon, independently of any claim to damages the maker of the notes might

have against the seller of the car for its alleged breach of the sales contract had with the seller, the cross-defendant. For such reason, we are of the opinion that the court erred in overruling the special demurrer filed to defendant's answer, counterclaim, and cross-petition, seeking to set up and try out in this suit defendant's claim for damages against the seller of the car.

The rule as to the right to bring in by cross-petition a third party, to try out a damage or other claim alien to the cause of action declared on in the petition, is announced in section 96, subd. 3, Civil Code of Practice, as follows:

> "A cross-petition is the commencement of an action by a defendant against a codefendant, or a person who is not a party to the action; * * * and is not allowed to a defendant, except upon a cause of action which affects, or is affected by, the original cause of action."

Assuming that defendant Call had a cause of action against the Black Motor Company, under his proof supporting the allegation of his answer that this company had delivered him a used car when it had sold him a new one, the question before us is: Can he sue it in this action, by way of cross-petition?

This question we have in effect answered in the negative in our holding above, that the court erred in not sustaining the defendant Black Motor Company's special demurrer filed to defendant Call's answer, counterclaim, and cross-petition against it.

It is to be noted that the quoted language of the Code is that a cross-petition "is not allowed to a defendant, except upon a cause of action which affects, or is affected by, the original cause of action." Can the defendant Call's alleged claim to damages against the Black Motor Company in any wise qualify or affect his obligation to pay to the plaintiff acceptance corporation, as the innocent holder for value of the defendant's promissory notes here sued on, the full value of the notes? We are clearly of the opinion that the defendant's alleged cause of action against the seller of the car, for the alleged breach of his sales contract, is not connected with nor in any wise affects the right

46

of the acceptance corporation to recover upon his notes and, therefore, while it appears that the determination of whether or not a cross-petition shall be prosecuted in an action is a matter of discretion with the circuit court, it is yet the rule that it would constitute an abuse of such discretion to allow its prosecution upon a cause of action which clearly does not affect, or is unconnected with, the original cause of action. The rule was so interpreted and applied in the case of Wells v. Boyd, 62 Ky. (1 Duv.) 366, 367, the court therein saying:

> "Preston here recovered the amount of his note against Boyd, nothwithstanding the litigation between Boyd and Wells; the subject-matter of his action being entirely unaffected by any cause of action which the defendant Boyd had against Wells; and Boyd got an independent judgment on his cause of action against Wells. Showing conclusively that Boyd's cause of action on the covenant of Wells was distinct from, and wholly independent of, Preston's cause of action against him; and he should have brought his original action thereon."

See, also, the later cases of Wahl v. Lockwood & Gasser, 227 Ky. 183, 12 S. W. (2d) 321; Royse v. Reynolds, 73 Ky. (10 Bush) 286; Howard v. Jones, 147 Ky. 303, 143 S. W. 1058; Dugan v. Logan, 229 Ky. 5, 16 S. W. (2d) 763.

Having thus reached the conclusion that the trial court improperly allowed Call's cross-petition against the Black Motor Company to be filed and prosecuted in this action, it follows that the judgment must be reversed for the trial court's error in overruling the special demurrer filed thereof, and further it follows that with the elimination thus affected of the cross-petition goes also with it the defendant Call's recovery of judgment against the Black Motor Company upon his prosecution herein of the cross-petition against it.

Defendant Call's claim, presented by his cross-petition against the Black Motor Company and recovery had thereunder, being thus eliminated, without prejudice to the right of defendant Call to prosecute his alleged breach of contract claim against the

Black Motor Company by a separate and independent action therefor, it results there remains no recovery herein of damages by Call against the appellant Black Motor Company which can be applied in favor of the defendant Call upon the plaintiff's judgment of $339, interest, and costs obtained against him as the maker of the notes sued on.

Therefore, for the reasons above indicated, appellant's motion for an appeal is sustained, the appeal granted, and the judgment of the trial court is, to the extent it awards recovery to plaintiff of the relief sued for, affirmed, but reversed to the extent of its error in overruling the special demurrer filed to the cross-petition and permitting same to be prosecuted in this action and its further error in entering as a credit upon plaintiff's judgment the $200 recovered as damages by defendant Call through the prosecution of his cross-petition.