## Louisville Trust Co. v. Grieb, Clerk of Court, et al.

June 21, 1940.

Eugene Hubbard, Judge.

552

Thomas C. Fisher and Henry M. Johnson for appellant.

Lawrence S. Grauman, County Attorney, and Robert L. Sloss, Assistant County Attorney, for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

This action involves the right of the Commonwealth and Jefferson County to collect taxes for the years of 1928-1932, inclusive, on certain property located in Jefferson County formerly owned by the Consolidated Realty Company, a bankrupt. The Louisville Trust Company, receiver, filed a petition in the bankruptcy proceedings setting out the fact that the property had been sold for taxes for the years 1928-1932, and the State and County became the purchaser, which petition as amended asked the referee in bankruptcy to order a sale of the bankrupt's real estate free from tax and other liens asserted against it; that M. J. Brennan, revenue agent for the state at large, is making some tax claim for the years 1928-1931, and that Hubbard R. Petty, Sheriff of Jefferson County, is asserting a claim for

county taxes for the year 1933; that all lienholders be ruled to show cause why the property should not be sold free of liens. Pursuant to such pleadings filed by the receiver, the Hon. Nat C. Cureton, referee in bankruptcy, issued a rule on March 7, 1933, against the lienholders to show cause on or before March 28, 1933; "Why said sale should not be had," and the rule directed a copy thereof to be mailed to Brennan, State Revenue Agent, and to Petty, Sheriff of Jefferson County, at their respective addresses. On April 6, 1933, the referee directed a sale of the property free from all liens and directed that all proven and allowed tax claims would attach to the proceeds of the sale as they had attached to the real estate, which order directed that a copy of it be mailed to Brennan, Revenue Agent, and to Petty, Sheriff, at their respective addresses.

The receiver purchased the property in question at this sale, and the order of the referee entered January 8, 1935, confirming the sale and directing the trustees of the bankrupt to execute deed to the purchaser, contained this provision:

"It further appearing to the satisfaction of the court that * * * the Commonwealth of Kentucky and the County of Jefferson by its various tax collecting authorities has been ruled herein to set up their claims herein for State, County and School taxes against various of the tracts of real estate sold herein by reason of the follownig tax bills (here follows a description of the tax bills); and that the City of Louisville, Commonwealth of Kentucky and the County of Jefferson have failed within six months to set up any claim herein in response to said rules; * * * and the court being sufficiently advised it is ordered and adjudged that they and each of them be and they are now forever barred from asserting any claim against any of above described tracts of real estate by reason of any of the alleged liens securing any of the aforesaid tax bills * * *."

The receiver later sold some of this property free of lien and with general warranty of title. The purchaser brought this action against the receiver for breach of its warranty, alleging the Commonwealth and Jefferson County had a lien on the property for unpaid taxes for the years 1929-1931, inclusive, amounting to $1,153.14.

The receiver filed an answer, the first paragraph of which denied the existence of the tax liens and the second paragraph is a cross-petition against John P. Grieb, Clerk of the Jefferson County Court as delinquent tax collector, wherein it averred that on March 7, 1933, the revenue agent of the Commonwealth, who was then the delinquent tax collector, was ruled "to set up" the claim of the Commonwealth and Jefferson County for taxes, and he having failed for six months to prove the tax liens of the Commonwealth and of Jefferson County, there was an order entered by the referee barring the Commonwealth and the County from asserting any claim for delinquent taxes against the property.

The cross-petition amply pleaded the various steps taken in the bankruptcy court relative to the delinquent tax claims as set out in the first paragraph of this opinion, and copies of the pleadings and orders therein were filed as exhibits with the answer and cross-petition of the receiver. Among other preliminary pleadings (not necessary to enumerate) filed by Grieb as county court clerk, was a motion that the receiver be required to make the state auditor a party defendant, and the court being of the opinion that the auditor was a necessary party, sustained the motion. Whereupon the receiver amended its cross-petition and made the state auditor a party defendant, which pleading reiterated the averments that M. J. Brennan, revenue agent for the Commonwealth of Kentucky, had been ruled to prove the unpaid taxes against the bankrupt's estate, and not having done so, the Commonwealth was barred from asserting such claims by the order entered by the referee; that the Commonwealth proved its tax claims for the year 1933 against the bankrupt's estate, and the county attorney and county assessor of Jefferson County joined the receiver in obtaining a re-assessment in the bankruptcy court of other property belonging to the bankrupt, and thereby the appearance of the Commonwealth and Jefferson County was entered in the bankruptcy court. By a second amended and supplemental cross-petition the receiver averred "that at all times herein mentioned M. J. Brennan, Revenue Agent for the Commonwealth, under the direction of the then auditor of public accounts had assumed and then was in charge of the collection of delinquent taxes and of the taxes herein involved."

The general demurrer filed by the cross-defendants, Clerk of the Jefferson County Court, and of the State Auditor, to the cross-petition as amended and supplemented, was sustained and the receiver has appealed. There are only two questions presented by the appeal: 1. Did the bankruptcy court have authority to enter the so-called "barring" order? 2. If so, did it have the proper State and County officers before it so as to make such order binding on the Commonwealth and on Jefferson County? Appellant's position that the bankruptcy court had authority to enter the "barring" order is admitted by counsel for appellees and is sustained by authorities appellant cites. Dugan v. Logan, 229 Ky. 5, 16 S. W. (2d) 763; Van Huffel v. Harkelrode, 284 U. S. 225, 52 S. Ct. 115, 76 L. Ed. 256, 78 A. L. R. 453; People of the State of New York v. Irving Trust Co., Trustee, 288 U. S. 329, 53 S. Ct. 389, 77 L. Ed. 815.

In brief for appellant, as well as in brief for appellees, the whole argument is based on the assumption that the clerk of the Jefferson County Court had been ruled by the bankruptcy court to file proof of claim for delinquent taxes due the Commonwealth and Jefferson County. But a careful search of the record fails to show any such rule was directed to be served on the Jefferson County Court Clerk, and the record does not disclose that he was ever before the bankruptcy court. The only representatives of the Commonwealth, and of Jefferson County, who were ruled by the bankruptcy court to file proof of tax claims were M. J. Brennan, Revenue Agent for the Commonwealth, and Hubbard R. Petty, Sheriff of Jefferson County. The record shows this property had been sold for taxes and the State and County bought it in. Section 4151-2, Kentucky Statutes, from 1928 until its amendment by the 1938 General Assembly (Acts of 1938, 1st Ex. Sess., c. 21, page 1058, Section 3), provided that when real estate is sold for taxes and no one bids the amount thereof, with interest, penalty and cost, it should be the duty of the sheriff to purchase same for the amount due for the State, County and taxing district; and:

"In the redemption of lands sold to the state, county, and district, for delinquent taxes at any time within the period of two years after the sale, or until the revenue agent, under the direction of the

auditor of public accounts, assumes charge of the collection by sale or otherwise, the county clerk is hereby vested with the authority to collect such delinquent taxes, interest, cost, commissions and penalties as prescribed by law, and he shall make report thereof to the auditor of public accounts, the treasurer of the county and the proper officer of the district as often as the latter officers may require, and not less than once in every thirty days; and he shall pay into the state treasury all moneys collected by him due the state, and the county treasury all money due the county, and all moneys due the district to the proper officer thereof, as herein authorized, on the first day, of every month and oftener if required by the auditor of public accounts or either of the other officers mentioned."

The section further provides that the county judge shall examine the report of the county clerk and if found correct, it shall be certified to the state auditor with the amount collected, less 5% commissions due the clerk.

Section 4154, Kentucky Statutes, from 1906 until amended in 1938 (Acts of 1938, 1st Ex. Sess., c. 21, page 1058, Section 5), authorized the auditor to direct the revenue agent to advertise and sell the real estate if not redeemed within the two years redemption period; that the auditor shall execute a deed to the purchaser and after paying the revenue agent his commission shall pay to the county or district, or both, the amount of taxes due each. It is obvious from Section 4151-2 and 4154, Kentucky Statutes, as they existed prior to the 1938 amendment, that the county clerk was collector of delinquent taxes during the interim between the time the sheriff sold the property and bid it in for the State and County, and the time the revenue agent under the direction of the auditor assumed charge of the collection by sale or otherwise. This court in construing Sections 4151-2 and 4154 of the then statutes, which are practically the same as the present Sections 4151-2 and 4154 before the 1938 amendment, held the county clerk to be the delinquent tax collector during such interim. James, Auditor, v. Blanton et al., 134 Ky. 803, 809, 121 S. W. 951, 123 S. W. 328; Com., etc., v. Smedley, 144 Ky. 694, 139 S. W. 861; Heath v. Hazelip, 159 Ky. 555, 167 S. W. 905.

However, as above noted, the receiver in its second amended and supplemental answer and cross-petition averred that M. J. Brennan, revenue agent for the Commonwealth, under the directions of the auditor of public accounts had assumed and was in charge of the collection of delinquent taxes involved herein. As it read at the time this controversy arose, Section 4151-2 makes the county court clerk the collector of delinquent taxes (after the sale of the real estate for taxes and purchase by the sheriff for the State and County) during the redemption period "or until the revenue agent, under the direction of the auditor of public accounts, assumes charge of the collection by sale or otherwise." As it then read, Section 4154 provided that the auditor may direct the revenue agent to sell the land after the redemption period and thus collect the taxes. Therefore, the revenue agent under these sections of the Statutes as they then read was authorized to assume charge of the collection of the delinquent taxes herein involved, and the averment in the second and supplemental cross-petition that the revenue agent was in charge of such delinquent tax collections was not a conclusion of the pleader, but was an averment of fact. While it would have been better pleading to have averred how the auditor had directed the revenue agent to assume charge of these delinquent tax collections, and in what manner the revenue agent had assumed charge of them, yet the averment as made stated a fact and not a conclusion, hence the trial judge erred in sustaining a general demurrer to this pleading. By traversing this second amended and supplemental cross-petition an issue will be joined as to whether or not the revenue agent was in charge of these delinquent tax collections at the time the notice was alleged to have been served upon him. If it be established he were in charge of such collections and that he was served with notice as averred in the receiver's pleadings, then the "barring" order is effective; otherwise, not.

Since the only manner in which the revenue agent could assume charge of the collection of delinquent taxes was under the direction of the auditor and as it is alleged that the notice in the bankruptcy court was served on the revenue agent, it follows the court did not err in sustaining the motion of the county clerk to require the receiver to make the auditor a party defendant to

this action. The fact that the sheriff filed proof of claim for the current taxes due for the year 1933, and the further fact that the county attorney and the county tax commissioner of Jefferson County joined the receiver in obtaining a re-assessment in the bankruptcy court of other property owned by the bankrupt did not enter the appearance of the Commonwealth and County in the bankruptcy court, because neither the collection of the current taxes for 1933, nor the re-assessment of the other property had any connection with the delinquent taxes.

The judgment is reversed for proceedings consistent with this opinion.